DAVID B. GOLUBCHIK (State Bar No. 185520)
CARMELA T. PAGAY (State Bar No. 195603)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; CTP@LNBYG.COM

Proposed Attorneys for Chapter 11 Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>ANDREW STUPIN and JULIE STUPIN,<br><br>Debtors and Debtors in Possession. | Case No.: 8:26-bk-11202-SC<br><br>Chapter 11<br><br>**DEBTORS' STATUS REPORT; DECLARATIONS OF ANDREW STUPIN AND JULIE STUPIN IN SUPPORT THEREOF**<br><br>Date: June 3, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 5C-Virtual<br>      U.S. Bankruptcy Court<br>      411 West Fourth Street<br>      Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, ALL SECURED CREDITORS, CREDITORS REQUESTING SPECIAL NOTICE AND OTHER PARTIES IN INTEREST:**

Andrew Stupin and Julie Stupin, the debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Debtor"), respectfully submits this *Chapter 11 Status Report* in compliance with the Court's *Order Setting Scheduling and Case Management Conference and (2) Requiring Status Report* (the "Status Conference Order") [Doc 14], and provide the following information:

**A.      Events That Led Up to and Caused the Filing of the Chapter 11 Case:**

Andrew Stupin ("Andrew") is a real estate investor.  Codebtor Julie Stupin ("Julie") is Andrew's wife.  Andrew was born in 1947 in San Gabriel, California, and shortly thereafter moved to Monterey Park, where he excelled in school and sports.  Wanting to be a professional baseball player, Andrew excelled at his endeavors through high school and college where an injury forced him to change his future plans and aspirations.

Although Andrew's initial aspirations after sports were become an attorney, his interests turned to teaching, so he pursued and obtained a secondary teaching credential after his B.A. Degree, including teaching Sunday School at his family church where he grew up.

Andrew obtained a teaching position in the highly acclaimed Huntington Beach High School District at Edison High School right after receiving his teaching credential.  Although challenging, Andrew enjoyed his new career, including being voted "Teacher of the Year" several times.  In fact, Andrew helped start the Advanced Placement (AP) for Government in Orange County, where a student can take an AP class and take the national AP test to gain college credits while in high school. This program was very successful and has gained popularity over the years throughout the country.

In the 1970's, Andrew started his journey in real estate. After saving money from his teaching career, Andrew bought his first investment for $28,000 – two (2) separate houses on two (2) lots. That was in 1972 and prices were starting to increase rapidly in the "Great Orange County" boom. Andrew lived in one house and rented out the other. The rent from the rental was more than the mortgage. It was then that Andrew caught the real estate bug and thought this to be something to move forward on.

Over the decades, Andrew invested in many properties not only throughout Orange County, but California and other states.  Andrew always focused on value added and income generating properties.  Over time, many friends and others asked to invest alongside Andrew in such investments.  His success continued to grow.

Approximately 10 years ago, Andrew (and his friend and co-investor Gerald Marcil) were approached by a third party (Mahender Makhijani) who represented that he had

connections with many lenders to acquire distressed loans and real estate. He proposed to work together to acquire loans and properties.

Through the parties' relationship, Mr. Makhijani maintained all relationships with lenders and financing sources and managed the investments. Mr. Makhijani's staff at Continuum provided all accounting and documentation and financing with respect to such investments.

In the last several years, Mr. Makhijani obtained numerous warehouse loans from lenders including, without limitation, approximately $98 million from Western Alliance Bank, and approximately $60 million from Zions Bank. Mr. Makhijani represented to the lenders that the purpose of the loans was to refinance existing properties and acquire new properties. The lenders assert that Andrew and Mr. Marcil signed guaranties for such debts.

In the fall of 2025, Andrew learned that the foregoing banks have sued him on account of the alleged guaranties based on the follows:

    a.  Mr. Makhijani drew down on the entirety of the warehouse loans;

    b.  Mr. Makhijani did not use the proceeds of the warehouse loans to refinance the existing debt or to acquire new assets for the borrowers;

    c.  There is no information where the loan proceeds went or how they were utilized;

    d.  The lenders did not conduct title searches on any of the alleged properties to be refinances;

    e.  The lenders did not request or receive reconveyances of alleged liens that were to be refinanced;

    f.  The lenders did not open escrows for any of the financing; and

    g.  The lenders did not conduct any due diligence while Mr. Makhijani withdrew almost $200 million without oversight, supervision or control.

In addition to the foregoing, Andrew learned that Mr. Makhijani recorded fraudulent liens on Debtors' personal properties (held through wholly-owned LLC's) and pledged the fraudulent loans to Western Alliance Bank.

///

The foregoing conduct resulted in protracted litigation.  It is important to point out that none of the collection lawsuits from the lenders have asserted that Andrew engaged in any wrongful conduct.  They simply assert that Andrew is obligated for their self-inflicted losses through the alleged guaranty.

In one of the litigations, plaintiff Zions Bancorporation N.A. ("Zions") obtained a writ of attachment as to Debtors' assets from a judicial referee, which was first issued on January 19, 2026.  Co-Defendants in that action have appealed the writ of attachment. The Debtors filed bankruptcy within 90 days of the issuance of that writ of attachment.  The timing of this case was intended to statutorily terminate the writ of attachment and preserve all assets for the benefit of all creditors.

The Debtors have substantial assets, consisting of directly owned real property and LLC interests that hold real properties.  Other than two breach of guaranty actions related to the foregoing fraudulent conduct which the Debtors believe was orchestrated by Deba Shyam and Mr. Makhijani, the Debtors have relatively manageable debts which can be easily addressed through continued operations of the Debtors' holdings.  The Debtors believe that, once the breach of guaranty litigation is resolved in favor of the Debtors, this estate is solvent with all creditors to be paid in full.

**B.** **Status of the Debtors' Post-Petition Operations and Major Assets and Liabilities:[1]**

Andrew is continuing to oversee his real estate investments.  The Debtors' major assets are the various real properties listed on their Schedule A filed on May 15, 2026 [Doc 57]. Several of such real properties are subject to secured loans, as listed on the Debtors' Schedule D. In addition, pursuant to Schedule B, the Debtors hold interests in dozens of LLC entities that

///

---

[1]  Due to the extent of the Debtors' holdings and financial interests, preparation of the line item budget is requiring additional time and effort.  It will be submitted prior to the status conference.

own and operate real properties, providing additional cash flow and equity value of the Debtors and their estate.

**C.      Status of the Debtors' Pre-Petition and Post-Petition Litigation:**

As reflected in the Debtors' Statement of Financial Affairs filed on May 15, 2026 [Doc 57], there were a number of prepetition actions that were pending at the time of the bankruptcy filing. Virtually all litigation relates to either (1) the fraudulent conduct of third parties and lenders' efforts to collect from the Debtors on account of alleged guarantees; or (2) actions against the Debtors relating to their personal indebtedness on a loan or indemnity agreement. These various actions have all been stayed.

The Debtors recently partially removed an action to this Court (*Zions Bancorporation N.A. vs. Andrew Stupin et al*, Adv. Case No. 8:26-ap-01060-SC) given that the Plaintiff in that case, Zions had insisted, *inter* alia, to continue to pursue the action post-petition against certain non-debtor defendants with nearly identical, if not identical defenses to Zions' claims for breach of guaranty. That created a risk of the Debtors not being able to fully defend themselves in that action and created the potential for multiple conflicting rulings. In addition, that matter was before a private referee, paid for, in part, by the Debtors. Thus, the Debtors removed those portions of the case concerning the Debtor's defenses and affirmative claims, both for the sake of judicial economy and to ensure a continuity of rulings.

There are other state court actions which remain in various stages of litigation, including some where the Debtors had not yet made a formal appearance, and those which were in discovery. The Debtors are analyzing and contemplating whether further removals are necessary and will timely do so if it is so determined.

**D.      Whether the Estate Has Potential Avoidance Actions:**

Due to the extent of the Debtors' holdings and financial interests, the Debtors continue to gather information and compile schedules related to transactions and transfers to ascertain whether avoidance actions exist. This information will be supplemented in the Statement of Financial Affairs.

///

**E.**      **Retention of Counsel:**

The application to employ Levene, Neale, Bender, Yoo & Golubchik L.L.P. ("LNBYG") as general bankruptcy counsel was filed on May 12, 2026 [Doc 50] and is pending.  LNBYG will be representing and providing legal advice to the Debtors concerning their reorganization case. The Debtors are presently contemplating making employment application of additional counsel, including but not limited to special counsel for the prosecution and/or defense of additional litigation matters.

**F.**      **Retention of Other Professionals:**

The application to employ Force Ten Advisors LLC ("Force 10") as financial advisor was filed on May 13, 2026 [Doc 50] and is pending.  Force 10 will be assisting in preparing financial projections and preparing financial analyses, among other tasks.  The Debtors anticipate filing additional applications to employ professionals, including, without limitation, a CPA/accounting firm.

**G.**      **Status of the Debtor's Compliance with the Statutory Duties and UST Requirements:**

The Debtors believe that they are in substantial compliance, having submitted the majority of required information and documents that are available to it. The Debtors are currently in the process of providing all remaining documents requested by the U.S. Trustee, including DIP bank accounts.  Additionally, at the May 18, 2026 Section 341(a) meeting of creditors, the Debtors and the U.S. Trustee discussed additional amendments and modifications to the Schedules and Statement of Financial Affairs.

**H.**      **Whether Case Is a Small Business Case under 11 U.S.C. § 101(51D):** No

**I.**      **Whether Case Is a Single Asset Real Estate Case under 11 U.S.C. § 101(51B):** No

**J.**      **Proposed Deadline for Filing and Serving a Disclosure Statement and Plan of Reorganization:**

Based on the extent of properties and issues in this case, it is unlikely that the Debtors will be able to file their disclosure statement and plan within the exclusivity periods.  The

Debtors respectively request that a deadline not be set at this time pending further status conference and additional developments in this case.    Alternatively, if a deadline must be set, the Debtors respectively request that one be set to occur approximately 12 months in the future.

**K.**    **Proposed Deadline for Filing of Proofs of Claims:**  August 30, 2026

**L.**    **Proposed Deadline for Filing Objections to Claims:**  November 30, 2026

**M.**    **Proposed Deadline for Filing any Avoidance Actions:**

Because investigation is still ongoing, the Debtors respectively request that such deadline not be set at this time.

Dated: May 20, 2026                         LEVENE, NEALE, BENDER, YOO
                                                            & GOLUBCHIK L.L.P.

By: _/s/ David B. Golubchik_____
        DAVID B. GOLUBCHIK
Proposed Attorneys for Chapter 11 Debtors and
Debtors in Possession

## DECLARATION OF ANDREW STUPIN

I, Andrew Stupin, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am one of the chapter 11 debtors and debtors-in-possession in the above-captioned chapter 11 bankruptcy case.

3.      I make this declaration in support of the status report (the "Status Report") to which it is attached.

4.      I have read and reviewed all of the information provided in the Status Report, and the information provided in the Status Report is true, correct, and accurate.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on May 19, 2026, at Newport Beach, California.

_____
ANDREW STUPIN

7

## DECLARATION OF JULIE STUPIN

I, Julie Stupin, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am one of the chapter 11 debtors and debtors-in-possession in the above-captioned chapter 11 bankruptcy case.

3.      I make this declaration in support of the status report (the "Status Report") to which it is attached.

4.      I have read and reviewed all of the information provided in the Status Report, and the information provided in the Status Report is true, correct, and accurate.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on May 19, 2026, at Newport Beach, California.


_____
JULIE STUPIN

8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled (*specify*): **DEBTORS' STATUS REPORT; DECLARATIONS OF ANDREW STUPIN AND JULIE STUPIN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 20, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Raymond H. Aver    ray@averlaw.com, averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com;jesus@averlaw.com
- Jessica L Bagdanov    jbagdanov@bg.law, ecf@bg.law
- Michael E Bubman    mbubman@mbn.law, aacosta@mbnlawyers.com
- Greg P Campbell    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- Steven Casselberry    Steve.Casselberry@procopio.com, jessica.perez@procopio.com;emily.marsh@procopio.com;calendaringbankruptcy@procopio.com;evangelina.myers@procopio.com;lauren.hill@procopio.com
- David Coats    dacoats@raslg.com
- Michael G D'Alba    mgd@lnbyg.com
- Dora Duru    dora.duru@bclplaw.com
- Amir Gamliel    agamliel@perkinscoie.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- Craig S Ganz    ganzc@ballardspahr.com, BKTDocket_West@ballardspahr.com;phxlsateam@ballardspahr.com
- David B Golubchik    dbg@lnbyg.com, dbg@lnbyg.com
- Adam M Greely    agreely@fbfk.law, dstolar@vrslaw.net
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Sarah Rose Hasselberger    shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com;cbastida@marshackhays.com;alinares@ecf.courtdrive.com
- Golsa Honarfar    ghonarfar@rutan.com, avaccaro@rutan.com;apineda@rutan.com
- Aaron J Malo    amalo@sheppardmullin.com, hudenka@sheppard.com;mlinker@sheppard.com
- Sam Maralan    sm@maralanlaw.com
- Matthew J Marino    mmarino@allenmatkins.com, csandoval@allenmatkins.com
- Kenneth Misken    Kenneth.M.Misken@usdoj.gov
- John A Moe    john.moe@dentons.com, kathryn.howard@dentons.com;derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- Michael S Myers    myersm@ballardspahr.com, BKTDocket_West@ballardspahr.com;phxlsateam@ballardspahr.com
- Alan I Nahmias    anahmias@mbn.law, jdale@mbn.law
- Aram Ordubegian    ordubegian.aram@arentfox.com
- Carmela Pagay    ctp@lnbyg.com
- David M Poitras    dpoitras@bg.law
- Joseph M Rothberg    jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Zev Shechtman    Zev.Shechtman@saul.com, Zev.Shechtman@ecf.courtdrive.com;hannah.richmond@saul.com;LitigationDocketing@saul.com;Shelly.Guise@saul.com;Isaiah.Bribiesca@saul.com
- Robyn B Sokol    robyn.sokol@stinson.com, lydia.moya@stinson.com;dennette.mulvaney@stinson.com;dbender@leechtishman.com;jnaiya.herd@stinson.com
- Martin W Taylor    martin.taylor@bclplaw.com
- Jennifer R Tullius    jtullius@tulliuslaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

- Christopher A Ward     cward@lowenstein.com, lsuprum@lowenstein.com
- Sharon Z. Weiss     sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- David Wood     dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On (*date*) **May 20, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☒  Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 20, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 20, 2026 | D. Woo | /s/ D. Woo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Andrew & Julie Stupin - #11155 – Top20 & Secured

Clearedge Lending
20 Enterprise, Suite 300
Aliso Viejo, CA 92656

Comerica Bank
1717 Main Street
Dallas, TX 75201

County of Orange
P.O. Box 1438
Santa Ana, CA 92702-1438

First Bank
Attn: Payment Processing
PO Box 790269
Saint Louis, MO 63179

First Bank
Attn: Payment Processing
PO Box 790269
Saint Louis, MO 63179

First Bank
Attn: Payment Processing
PO Box 790269
Saint Louis, MO 63179

First Choice Bank
17785 Center Court Drive, Suite 750
Cerritos, CA 90703

Rocket Mortgage
PO Box 6577
Carol Stream, IL 60197-6577

Secured Income Fund-II c/o
PLM Lender Services, Inc
5446 Thornwood Drive,2nd Floor
San Jose, CA 95123

The Evergeen Advantage
1424 4th Street, Suite 777
Santa Monica, CA 90401

VL Ventures LLC
1303 Avocado Av, Suite 200
Newport Beach, CA 92660

Abraham & Linda Rayhaun
6455 Marigayle Cir.
Huntington Beach, CA 92684

Dan Genis
2661 Tallant Rd. #MN708
Santa Barbara, CA 93105

Daniel Mayhew
8941 Atlanta Ave. #351
Huntington Beach, CA 92646

David Schiff
100 Ocean Ave. Unit C300
Santa Monica, CA 90402

Denise Simon
2222 Avenue of the Stars, #1902
Los Angeles, CA 90067

Fletcher Jones Motor Cars, Inc.
3300 Jamboree Rd
Newport Beach, CA 92660

Gibson Family Trust
12 Whalers Bluff
Newport Coast, CA 92657

Global Medical Systems
10391 E. Rosemary Lane
Scottsdale, AZ 08255

Jane Torpipat & Don Torpipiat
11310 Carob Cir.
Fountain Valley, CA 92708

Jim & Cheryl Markham c/o
Sonja Rapparport
23 Vista Del Valle
Aliso Viejo, CA 92656

Julie Kaplan
47 Paloma #B
Venice, CA 90291

Karen Kaplan  Revocable Trust
1509 Elton Lane
Austin, TX 78703

Larry Barker
105 Golden Glen Way
Fayetteville, GA 30214

Mel Remba
2446 Apollo Drive
Los Angeles, CA 90046

Michael Kaplan
PO Box 277
Surfside, CA 90743

Andrew & Julie Stupin - #11155 – Top20 & Secured

PLM Lender Services, Inc.
5446 Thornwood Drive, 2nd Floor
San Jose, CA 95123

Robert & Mai Linh Purdy
1718 Port Charles Place
Huntington Beach, CA 96248

Rocket Mortgage
PO Box 6577
Carol Stream, IL 60197-6577

Select Portfolio Servicing
PO Box 65250
Salt Lake City, UT 84165

The Process Server
960 N Tustin Street #304
Orange, CA 92687