

FILED & ENTERED

JUN 05 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Andrew Stupin and Julie Stupin,<br><br><br><br><br><br><br>Debtors. | Case No.: 8:26-bk-11202-SC<br><br>CHAPTER 11<br><br>**ORDER REQUIRING SUPPLEMENTAL DISCLOSURES AND SETTING HEARING ON APPLICATION TO EMPLOY FORCE TEN ADVISORS, LLC AS FINANCIAL ADVISOR**<br><br>Date:        July 15, 2026<br>Time:        1:30 p.m.<br>Courtroom:   5C |

The Court has considered the Application of Andrew Stupin and Julie Stupin ("Debtors") to Employ Force Ten Advisors, LLC as Financial Advisor Pursuant to 11 U.S.C. § 327(a) with Compensation Pursuant to 11 U.S.C. §§ 330, 331 [Dk. 53] ("Application"), the Notice of Application [Dk. 54], the supporting declaration of Nicholas Rubin, and the declaration re: non-opposition [Dk. 71], together with all related filings, including the bankruptcy petition [Dk. 1], the case commencement documents, the schedules and statements [Dk. 57], the amended schedules and statements [Dk. 68],

-1-

and the docket as a whole. As set forth below, the Court will conduct a hearing on the Application on **July 15, 2026, at 1:30 p.m.**

The Application seeks approval of Force Ten Advisors, LLC ("Force 10") as Debtors' financial advisor under 11 U.S.C. § 327(a), effective as of April 17, 2026, with compensation under 11 U.S.C. §§ 330 and 331.

The Application states that Debtors require Force 10 to serve as financial advisor in this case. The proposed services include, among other things, assisting with financial projections, financial analysis, debt and lien analysis, capital structure analysis, strategic alternatives, budgets, creditor negotiations, court filings, forensic accounting, tracing and reconstruction of financial transactions, litigation support, expert reports and declarations, deposition testimony, trial testimony, and such other tasks as may be mutually agreed upon by Force 10 and Debtors.

The Application states that Force 10 will render services at its regular hourly rates, which may be adjusted from time to time, and that Force 10's current hourly rates are set forth in its engagement letter. The engagement letter identifies the "Clients" as Andrew Stupin, Julie Stupin, the Stupin Family Trust, and any and all affiliated and related entities.

The Application states that Debtors and Force 10 agreed that Force 10 would receive a retainer for this case of $371,855.89, and that Force 10 received that payment before commencement of this case. The Application further states that, except for the retainer, Force 10 has not been paid any other money by Debtors at any other time, and that Force 10 placed the retainer into a segregated account as of April 17, 2026.

Debtors' amended Statement of Financial Affairs identifies a $350,000 payment to Force Ten Advisors, LLC as having been made on April 15, 2026 by Twin Towers Group, LLC on behalf of Andrew and Julie Stupin. The engagement letter also appears to describe a $150,000 advance payment retainer, deposited in Force 10's general account, not held as security or in escrow, and applicable to invoices.

The Application includes a Statement of Disinterestedness for Force 10. The Statement of Disinterestedness states that Force 10's investigation of disinterestedness consisted of submission to Force 10's conflicts check system. It further states that Force 10 provided certain prepetition financial advisory services for Debtors and, other than the foregoing, has not represented Debtors and has no other connections.

The Application also states that, based on Force 10's conflicts checks, Force 10 believes that it does not hold or represent any interest adverse to Debtors or Debtors' estate that would impair Force 10's ability to perform objectively professional services for Debtors.

Employment of a professional under § 327(a) requires court approval and is limited to professionals that do not hold or represent an interest adverse to the estate and that are disinterested persons. 11 U.S.C. § 327(a). Federal Rule of Bankruptcy Procedure ("Rule") 2014 requires the employment application to disclose the proposed compensation arrangement and requires a verified statement of the person to be employed setting forth that person's connections with the debtor, creditors, parties in interest, their respective attorneys and accountants, the United States Trustee, and persons employed by the United States Trustee. Fed. R. Bankr. P. 2014(a). Compensation and reimbursement of expenses for professionals employed under § 327 are subject to allowance under 11 U.S.C. §§ 330 and 331.

These disclosure obligations are independent and are applied strictly. *In re Park-Helena Corp.*, 63 F.3d 877, 881-82 (9th Cir. 1995). Professionals seeking employment must disclose the precise nature of the fee arrangement and all facts that may be pertinent to the court's determination of disinterestedness or adverse interest; a professional may not withhold information because the professional believes a connection is immaterial, non-adverse, or not disqualifying. *Id.*; *In re Hathaway Ranch P'ship*, 116 B.R. 208, 219-20 (Bankr. C.D. Cal. 1990). Where a retainer is paid by or through a third party or nondebtor entity, the application must disclose enough information for the court to evaluate the source and circumstances of payment, the

professional's connections, and whether the requirements of § 327(a), Rule 2014, and §§ 330 and 331 are satisfied. *See Park-Helena*, 63 F.3d at 881-82; *Hathaway Ranch*, 116 B.R. at 219.

The Court has determined that supplemental information and further disclosure are required. The Application materials do not permit the Court to determine whether Force 10 has made the disclosures required by Rule 2014, or whether Force 10 satisfies § 327(a)'s disinterestedness and adverse-interest requirements. In particular, the Application materials raise issues concerning the source, amount, and character of the retainer, the role of Twin Towers Group, LLC, the completeness of Force 10's compensation arrangement and retainer disclosures, the scope of Force 10's connections disclosures, the scope of Force 10's prepetition services, the engagement letter's definition of "Clients," and the engagement letter's indemnity, limitation-of-liability, joint-and-several-liability, assignment, and settlement/release provisions. Accordingly, the Court requires supplemental disclosure addressing:

1. Statement of Disinterestedness and Conflicts Investigation. Force 10 shall file a supplemental verified statement describing the investigation or conflict search conducted before Force 10 represented that it is disinterested and does not hold or represent an interest adverse to the estate. Force 10 shall identify the persons and entities included in the search, including, as applicable, Twin Towers Group, LLC, the Stupin Family Trust, affiliated or related entities, Coastline-related entities, lender creditors, litigation parties, and counsel.

2. Retainer Source and Amount. The Application and Notice state that Force 10 received a $371,855.89 prepetition retainer. Debtors' amended Statement of Financial Affairs identifies a $350,000 payment to Force Ten Advisors, LLC on April 15, 2026 by Twin Towers Group, LLC on behalf of Andrew and Julie Stupin. Force 10 shall reconcile those disclosures and disclose the complete source and payment path of the retainer, including any person or entity that directly or indirectly funded, transmitted, directed, authorized, or arranged payment of the retainer.

3. <u>Ownership, Control, and Role of Retainer Payors</u>. Force 10 shall disclose the ownership, control, management, and relevant affiliations of any person or entity identified in response to paragraph 2, including Twin Towers Group, LLC. Force 10 shall also state whether any such person or entity expects repayment, reimbursement, indemnity, consideration, influence, control, plan treatment, claim treatment, lien rights, administrative expense treatment, or any other benefit from Debtors, the estate, any affiliate, any equity holder, any creditor, or any third party.

4. <u>Retainer Character and Balance</u>. Force 10 shall reconcile the Application's statement that Force 10 received a $371,855.89 retainer and placed it into a segregated account as of April 17, 2026 with the engagement letter's reference to a $150,000 advance payment retainer deposited in Force 10's general account and not held as security or in escrow. Force 10 shall state the amount of the retainer, whether it was paid once or in multiple payments, where it was deposited, whether it is a security retainer, advance payment retainer, or other arrangement, whether it remains property of the estate, whether any prepetition invoices were applied against it, what balance remained as of April 17, 2026, and whether Force 10 has applied any postpetition fees or expenses against it.

5. <u>Nondebtor Clients</u>. Force 10 shall identify all "Clients" under the engagement letter, including the Stupin Family Trust and any affiliated or related entities. Force 10 shall disclose whether it provided services to or for any nondebtor client, whether it continues to represent any nondebtor client, whether any actual or potential conflict exists among Debtors, the Stupin Family Trust, and any affiliate or related entity, and whether estate funds will be used for any nondebtor work.

6. <u>Scope of Services</u>. Force 10 shall clarify whether the proposed employment includes only financial advisory services or also includes forensic accounting, litigation consulting, expert reports, deposition testimony, trial testimony, or other expert services. Force 10 shall state whether any such work should be separately authorized, separately billed, or separately addressed.

7. <u>Connections Disclosure</u>. Force 10 shall disclose its connections, if any, with Debtors, the Stupin Family Trust, Twin Towers Group, LLC, any nondebtor client identified in the engagement letter, and any person or entity involved in funding or arranging payment of the retainer. Force 10 shall also disclose any connections relevant to its prepetition services, proposed scope of employment, compensation arrangement, or ability to satisfy § 327(a), including any connections with Zions Bank, California Bank & Trust, Western Alliance Bank, Nano Bank/Nano Banc/Nano Financial Holdings, Continuum-related entities, Cantor-related entities, Coastline-related entities, Mahender Makhijani, Deba Shaym/Shyam, Gerald Marcil, former counsel identified in the schedules, and counsel for those parties or entities.

8. <u>Independent Estate Representation</u>. Force 10 shall state whether any connection with any retainer payor, creditor, lender, litigation party, related entity, affiliate, insider, professional, nondebtor client, or counsel would limit Force 10's ability to represent Debtors and the estate independently.

9. <u>Engagement Letter Terms</u>. Force 10 shall state whether it seeks approval of any indemnity, contribution, limitation-of-liability, joint-and-several-liability, assignment, settlement/release, or similar provision in the engagement letter. If Force 10 seeks approval of any such provision, it shall identify the provision and explain the basis for approval. If Force 10 does not seek approval of any such provision, it shall so state.

Accordingly, the Court orders as follows:

1. A hearing on the Application will be held on July 15, 2026, at 1:30 p.m. in Courtroom 5C, United States Bankruptcy Court, Central District of California, Santa Ana Division, 411 West Fourth Street, Santa Ana, California 92701.

2. Force 10 shall file and serve supplemental disclosures and any supporting declaration(s) addressing the issues identified in this Order no later than June 18, 2026. The supplemental disclosures shall be supported by admissible evidence and shall attach any missing, supplemental, or corrected disclosure

documents, including any supplemental or corrected Statement of Disinterestedness and any corrected supporting declaration, if appropriate.

3. Force 10 shall serve the supplemental disclosures and this Order on the United States Trustee, all parties entitled to notice of the Application, all parties who have requested notice in this case, the twenty largest unsecured creditors, Twin Towers Group, LLC, the Stupin Family Trust, and any other person or entity known to Force 10 as having paid, funded, transmitted, directed, authorized, or arranged payment of the retainer or any other prepetition compensation to Force 10. Force 10 shall file appropriate proof(s) of service. Service of this Order shall be completed no later than 72 hours after entry of this Order.

4. Because the supplemental disclosure issues concern the source and circumstances of the retainer payment and other prepetition compensation, including the role of nondebtor parties, service on Twin Towers Group, LLC, and any other person or entity identified in paragraph 3 as involved in payment of the retainer or any other prepetition compensation to Force 10 shall be made in a manner consistent with Rule 7004. Force 10 shall also serve this Order, by the same 72-hour deadline, on any counsel appearing for or known to represent Twin Towers Group, LLC or any other such payment-related person or entity in connection with this case or the matters implicated by the Application.

5. Any response to the supplemental disclosures shall be filed and served no later than July 2, 2026. Any response shall be supported by admissible evidence and legal authority and shall address the issues identified in this Order.

6. Failure by Force 10 to timely file and serve supplemental disclosures, or failure to address the issues identified in this Order, may result in denial of the Application without prejudice, approval of employment only on modified terms, or such other ruling as is appropriate.

-7-

7. Failure by any party to timely file and serve a response may, in the Court's discretion, be deemed a waiver of any response to the supplemental disclosures and the issues identified in this Order.

8. After reviewing any supplemental disclosures and any response, the Court may vacate the hearing and rule on the Application based on the filings, issue a further order, or take such other action as appropriate.

9. Nothing in this Order constitutes approval of Force 10's employment, approval of the requested effective date, a finding that Force 10 is disinterested or does not hold or represent an interest adverse to the estate, approval of any engagement-letter provision, or a determination regarding the ownership or character of the retainer. All such issues are reserved pending further order of the Court.

**IT IS SO ORDERED.**

***###***

Date: June 5, 2026

Scott C. Clarkson
United States Bankruptcy Judge

-8-