DAVID B. GOLUBCHIK (State Bar No. 185520)
CARMELA T. PAGAY (State Bar No. 195603)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234
Facsimile:   (310) 229-1244
Email: DBG@LNBYG.COM; CTP@LNBYG.COM

Proposed Attorneys for Chapter 11 Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>ANDREW STUPIN and JULIE STUPIN,<br><br>      Debtors and Debtors in Possession. | Case No.: 8:26-bk-11202-SC<br><br>Chapter 11<br><br>**NOTICE OF ORDER REQUIRING SUPPLEMENTAL DISCLOSURES AND SETTING HEARING ON APPLICATION TO EMPLOY FORCE TEN ADVISORS, LLC AS FINANCIAL ADVISOR**<br><br><u>Hearing</u><br>Date:  July 15, 2026<br>Time:  1:30 p.m.<br>Place:  Courtroom 5C-Virtual<br>       U.S. Bankruptcy Court<br>       411 West Fourth Street<br>       Santa Ana, CA 92701 |

**TO THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

Attached hereto as **Exhibit "1"** is the Court's Order Requiring Supplemental Disclosures

and Setting Hearing on Application to Employ Force Ten Advisors, LLC as Financial Advisor.

Dated: June 8, 2026

LEVENE, NEALE, BENDER, YOO
   & GOLUBCHIK L.L.P.
By:___*/s/ Carmela T. Pagay*_____
     CARMELA T. PAGAY
Proposed Attorneys for Chapter 11 Debtors and
Debtors in Possession

1

# EXHIBIT "1"

FILED & ENTERED

JUN 05 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Andrew Stupin and Julie Stupin,<br><br><br><br><br><br>Debtors. | Case No.: 8:26-bk-11202-SC<br><br>CHAPTER 11<br><br>**ORDER REQUIRING SUPPLEMENTAL DISCLOSURES AND SETTING HEARING ON APPLICATION TO EMPLOY FORCE TEN ADVISORS, LLC AS FINANCIAL ADVISOR**<br><br>Date:        July 15, 2026<br>Time:       1:30 p.m.<br>Courtroom:  5C |

The Court has considered the Application of Andrew Stupin and Julie Stupin ("Debtors") to Employ Force Ten Advisors, LLC as Financial Advisor Pursuant to 11 U.S.C. § 327(a) with Compensation Pursuant to 11 U.S.C. §§ 330, 331 [Dk. 53] ("Application"), the Notice of Application [Dk. 54], the supporting declaration of Nicholas Rubin, and the declaration re: non-opposition [Dk. 71], together with all related filings, including the bankruptcy petition [Dk. 1], the case commencement documents, the schedules and statements [Dk. 57], the amended schedules and statements [Dk. 68],

-1-

and the docket as a whole. As set forth below, the Court will conduct a hearing on the Application on **July 15, 2026, at 1:30 p.m.**

The Application seeks approval of Force Ten Advisors, LLC ("Force 10") as Debtors' financial advisor under 11 U.S.C. § 327(a), effective as of April 17, 2026, with compensation under 11 U.S.C. §§ 330 and 331.

The Application states that Debtors require Force 10 to serve as financial advisor in this case. The proposed services include, among other things, assisting with financial projections, financial analysis, debt and lien analysis, capital structure analysis, strategic alternatives, budgets, creditor negotiations, court filings, forensic accounting, tracing and reconstruction of financial transactions, litigation support, expert reports and declarations, deposition testimony, trial testimony, and such other tasks as may be mutually agreed upon by Force 10 and Debtors.

The Application states that Force 10 will render services at its regular hourly rates, which may be adjusted from time to time, and that Force 10's current hourly rates are set forth in its engagement letter. The engagement letter identifies the "Clients" as Andrew Stupin, Julie Stupin, the Stupin Family Trust, and any and all affiliated and related entities.

The Application states that Debtors and Force 10 agreed that Force 10 would receive a retainer for this case of $371,855.89, and that Force 10 received that payment before commencement of this case. The Application further states that, except for the retainer, Force 10 has not been paid any other money by Debtors at any other time, and that Force 10 placed the retainer into a segregated account as of April 17, 2026.

Debtors' amended Statement of Financial Affairs identifies a $350,000 payment to Force Ten Advisors, LLC as having been made on April 15, 2026 by Twin Towers Group, LLC on behalf of Andrew and Julie Stupin. The engagement letter also appears to describe a $150,000 advance payment retainer, deposited in Force 10's general account, not held as security or in escrow, and applicable to invoices.

The Application includes a Statement of Disinterestedness for Force 10. The Statement of Disinterestedness states that Force 10's investigation of disinterestedness consisted of submission to Force 10's conflicts check system. It further states that Force 10 provided certain prepetition financial advisory services for Debtors and, other than the foregoing, has not represented Debtors and has no other connections.

The Application also states that, based on Force 10's conflicts checks, Force 10 believes that it does not hold or represent any interest adverse to Debtors or Debtors' estate that would impair Force 10's ability to perform objectively professional services for Debtors.

Employment of a professional under § 327(a) requires court approval and is limited to professionals that do not hold or represent an interest adverse to the estate and that are disinterested persons. 11 U.S.C. § 327(a). Federal Rule of Bankruptcy Procedure ("Rule") 2014 requires the employment application to disclose the proposed compensation arrangement and requires a verified statement of the person to be employed setting forth that person's connections with the debtor, creditors, parties in interest, their respective attorneys and accountants, the United States Trustee, and persons employed by the United States Trustee. Fed. R. Bankr. P. 2014(a). Compensation and reimbursement of expenses for professionals employed under § 327 are subject to allowance under 11 U.S.C. §§ 330 and 331.

These disclosure obligations are independent and are applied strictly. *In re Park-Helena Corp*., 63 F.3d 877, 881-82 (9th Cir. 1995). Professionals seeking employment must disclose the precise nature of the fee arrangement and all facts that may be pertinent to the court's determination of disinterestedness or adverse interest; a professional may not withhold information because the professional believes a connection is immaterial, non-adverse, or not disqualifying. *Id.*; *In re Hathaway Ranch P'ship,* 116 B.R. 208, 219-20 (Bankr. C.D. Cal. 1990). Where a retainer is paid by or through a third party or nondebtor entity, the application must disclose enough information for the court to evaluate the source and circumstances of payment, the

professional's connections, and whether the requirements of § 327(a), Rule 2014, and §§ 330 and 331 are satisfied. *See Park-Helena*, 63 F.3d at 881-82; *Hathaway Ranch*, 116 B.R. at 219.

The Court has determined that supplemental information and further disclosure are required. The Application materials do not permit the Court to determine whether Force 10 has made the disclosures required by Rule 2014, or whether Force 10 satisfies § 327(a)'s disinterestedness and adverse-interest requirements. In particular, the Application materials raise issues concerning the source, amount, and character of the retainer, the role of Twin Towers Group, LLC, the completeness of Force 10's compensation arrangement and retainer disclosures, the scope of Force 10's connections disclosures, the scope of Force 10's prepetition services, the engagement letter's definition of "Clients," and the engagement letter's indemnity, limitation-of-liability, joint-and-several-liability, assignment, and settlement/release provisions. Accordingly, the Court requires supplemental disclosure addressing:

1. <u>Statement of Disinterestedness and Conflicts Investigation</u>. Force 10 shall file a supplemental verified statement describing the investigation or conflict search conducted before Force 10 represented that it is disinterested and does not hold or represent an interest adverse to the estate. Force 10 shall identify the persons and entities included in the search, including, as applicable, Twin Towers Group, LLC, the Stupin Family Trust, affiliated or related entities, Coastline-related entities, lender creditors, litigation parties, and counsel.

2. <u>Retainer Source and Amount</u>. The Application and Notice state that Force 10 received a $371,855.89 prepetition retainer. Debtors' amended Statement of Financial Affairs identifies a $350,000 payment to Force Ten Advisors, LLC on April 15, 2026 by Twin Towers Group, LLC on behalf of Andrew and Julie Stupin. Force 10 shall reconcile those disclosures and disclose the complete source and payment path of the retainer, including any person or entity that directly or indirectly funded, transmitted, directed, authorized, or arranged payment of the retainer.

3. <u>Ownership, Control, and Role of Retainer Payors</u>. Force 10 shall disclose the ownership, control, management, and relevant affiliations of any person or entity identified in response to paragraph 2, including Twin Towers Group, LLC. Force 10 shall also state whether any such person or entity expects repayment, reimbursement, indemnity, consideration, influence, control, plan treatment, claim treatment, lien rights, administrative expense treatment, or any other benefit from Debtors, the estate, any affiliate, any equity holder, any creditor, or any third party.

4. <u>Retainer Character and Balance</u>. Force 10 shall reconcile the Application's statement that Force 10 received a $371,855.89 retainer and placed it into a segregated account as of April 17, 2026 with the engagement letter's reference to a $150,000 advance payment retainer deposited in Force 10's general account and not held as security or in escrow. Force 10 shall state the amount of the retainer, whether it was paid once or in multiple payments, where it was deposited, whether it is a security retainer, advance payment retainer, or other arrangement, whether it remains property of the estate, whether any prepetition invoices were applied against it, what balance remained as of April 17, 2026, and whether Force 10 has applied any postpetition fees or expenses against it.

5. <u>Nondebtor Clients</u>. Force 10 shall identify all "Clients" under the engagement letter, including the Stupin Family Trust and any affiliated or related entities. Force 10 shall disclose whether it provided services to or for any nondebtor client, whether it continues to represent any nondebtor client, whether any actual or potential conflict exists among Debtors, the Stupin Family Trust, and any affiliate or related entity, and whether estate funds will be used for any nondebtor work.

6. <u>Scope of Services</u>. Force 10 shall clarify whether the proposed employment includes only financial advisory services or also includes forensic accounting, litigation consulting, expert reports, deposition testimony, trial testimony, or other expert services. Force 10 shall state whether any such work should be separately authorized, separately billed, or separately addressed.

7. <u>Connections Disclosure</u>. Force 10 shall disclose its connections, if any, with Debtors, the Stupin Family Trust, Twin Towers Group, LLC, any nondebtor client identified in the engagement letter, and any person or entity involved in funding or arranging payment of the retainer. Force 10 shall also disclose any connections relevant to its prepetition services, proposed scope of employment, compensation arrangement, or ability to satisfy § 327(a), including any connections with Zions Bank, California Bank & Trust, Western Alliance Bank, Nano Bank/Nano Banc/Nano Financial Holdings, Continuum-related entities, Cantor-related entities, Coastline-related entities, Mahender Makhijani, Deba Shaym/Shyam, Gerald Marcil, former counsel identified in the schedules, and counsel for those parties or entities.

8. <u>Independent Estate Representation</u>. Force 10 shall state whether any connection with any retainer payor, creditor, lender, litigation party, related entity, affiliate, insider, professional, nondebtor client, or counsel would limit Force 10's ability to represent Debtors and the estate independently.

9. <u>Engagement Letter Terms</u>. Force 10 shall state whether it seeks approval of any indemnity, contribution, limitation-of-liability, joint-and-several-liability, assignment, settlement/release, or similar provision in the engagement letter. If Force 10 seeks approval of any such provision, it shall identify the provision and explain the basis for approval. If Force 10 does not seek approval of any such provision, it shall so state.

Accordingly, the Court orders as follows:

1. A hearing on the Application will be held on July 15, 2026, at 1:30 p.m. in Courtroom 5C, United States Bankruptcy Court, Central District of California, Santa Ana Division, 411 West Fourth Street, Santa Ana, California 92701.

2. Force 10 shall file and serve supplemental disclosures and any supporting declaration(s) addressing the issues identified in this Order no later than June 18, 2026. The supplemental disclosures shall be supported by admissible evidence and shall attach any missing, supplemental, or corrected disclosure

documents, including any supplemental or corrected Statement of Disinterestedness and any corrected supporting declaration, if appropriate.

3. Force 10 shall serve the supplemental disclosures and this Order on the United States Trustee, all parties entitled to notice of the Application, all parties who have requested notice in this case, the twenty largest unsecured creditors, Twin Towers Group, LLC, the Stupin Family Trust, and any other person or entity known to Force 10 as having paid, funded, transmitted, directed, authorized, or arranged payment of the retainer or any other prepetition compensation to Force 10. Force 10 shall file appropriate proof(s) of service. Service of this Order shall be completed no later than 72 hours after entry of this Order.

4. Because the supplemental disclosure issues concern the source and circumstances of the retainer payment and other prepetition compensation, including the role of nondebtor parties, service on Twin Towers Group, LLC, and any other person or entity identified in paragraph 3 as involved in payment of the retainer or any other prepetition compensation to Force 10 shall be made in a manner consistent with Rule 7004. Force 10 shall also serve this Order, by the same 72-hour deadline, on any counsel appearing for or known to represent Twin Towers Group, LLC or any other such payment-related person or entity in connection with this case or the matters implicated by the Application.

5. Any response to the supplemental disclosures shall be filed and served no later than July 2, 2026. Any response shall be supported by admissible evidence and legal authority and shall address the issues identified in this Order.

6. Failure by Force 10 to timely file and serve supplemental disclosures, or failure to address the issues identified in this Order, may result in denial of the Application without prejudice, approval of employment only on modified terms, or such other ruling as is appropriate.

7. Failure by any party to timely file and serve a response may, in the Court's discretion, be deemed a waiver of any response to the supplemental disclosures and the issues identified in this Order.

8. After reviewing any supplemental disclosures and any response, the Court may vacate the hearing and rule on the Application based on the filings, issue a further order, or take such other action as appropriate.

9. Nothing in this Order constitutes approval of Force 10's employment, approval of the requested effective date, a finding that Force 10 is disinterested or does not hold or represent an interest adverse to the estate, approval of any engagement-letter provision, or a determination regarding the ownership or character of the retainer. All such issues are reserved pending further order of the Court.

**IT IS SO ORDERED.**

***###***

Date: June 5, 2026

Scott C. Clarkson
United States Bankruptcy Judge

-8-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF ORDER REQUIRING SUPPLEMENTAL DISCLOSURES AND SETTING HEARING ON APPLICATION TO EMPLOY FORCE TEN ADVISORS, LLC AS FINANCIAL ADVISOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 8, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Scott R Albrecht     salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com
- Raymond H. Aver     ray@averlaw.com, averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com;jesus@averlaw.com
- Jessica L Bagdanov     jbagdanov@bg.law, ecf@bg.law
- Michael E Bubman     mbubman@mbn.law, aacosta@mbnlawyers.com
- Greg P Campbell     ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- Steven Casselberry     Steve.Casselberry@procopio.com, jessica.perez@procopio.com;emily.marsh@procopio.com;calendaringbankruptcy@procopio.com;evangelina.myers@procopio.com;lauren.hill@procopio.com
- David Coats     dacoats@raslg.com
- Michael G D'Alba     mgd@lnbyg.com
- Dora Duru     dora.duru@bclplaw.com, verlisa.lewis@bclplaw.com
- Amir Gamliel     agamliel@perkinscoie.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- Craig S Ganz     ganzc@ballardspahr.com, BKTDocket_West@ballardspahr.com;phxlsateam@ballardspahr.com
- David B Golubchik     dbg@lnbyg.com, dbg@lnbyg.com
- Arnold L Graff     agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net
- Adam M Greely     agreely@fbfk.law, dstolar@vrslaw.net
- Steven T Gubner     sgubner@bg.law, ecf@bg.law
- Sarah Rose Hasselberger     shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com;cbastida@marshackhays.com;alinares@ecf.courtdrive.com
- Golsa Honarfar     ghonarfar@rutan.com, avaccaro@rutan.com;apineda@rutan.com
- Ira David Kharasch     ikharasch@pszjlaw.com
- Aaron J Malo     amalo@sheppardmullin.com, hudenka@sheppard.com;mlinker@sheppard.com
- Sam Maralan     sm@maralanlaw.com
- Matthew J Marino     mmarino@allenmatkins.com, csandoval@allenmatkins.com
- Kenneth Misken     Kenneth.M.Misken@usdoj.gov
- John A Moe     john.moe@dentons.com, kathryn.howard@dentons.com;derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- Michael S Myers     myersm@ballardspahr.com, BKTDocket_West@ballardspahr.com;phxlsateam@ballardspahr.com
- Alan I Nahmias     anahmias@mbn.law, jdale@mbn.law
- Aram Ordubegian     ordubegian.aram@arentfox.com
- Carmela Pagay     ctp@lnbyg.com
- David M Poitras     dpoitras@bg.law
- Joseph M Rothberg     jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- Joshua L Scheer     jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Daren M Schlecter     daren@schlecterlaw.com, assistant@schlecterlaw.com
- Zev Shechtman     Zev.Shechtman@saul.com, Zev.Shechtman@ecf.courtdrive.com;hannah.richmond@saul.com;LitigationDocketing@saul.com;Shelly.Guise@saul.com;Isaiah.Bribiesca@saul.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

- Robyn B Sokol    robyn.sokol@stinson.com,
  lydia.moya@stinson.com;dennette.mulvaney@stinson.com;dbender@leechtishman.com;jnaiya.herd@stinson.com
- Martin W Taylor    martin.taylor@bclplaw.com, shawn.williams@bclplaw.com
- Jennifer R Tullius    jtullius@tulliuslaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Christopher A Ward    cward@lowenstein.com, lsuprum@lowenstein.com
- Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- David Wood    dwood@marshackhays.com,
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **June 8, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Twin Towers
215 5th Street, Suite A
Huntington Beach, CA  92648

Stupin Family Trust
215 5th Street, Suite A
Huntington Beach, CA  92648

<u>Agent for Twin Towers</u>
Andrew Stupin
215 5th Street, Suite A
Huntington Beach, CA  92648

Honorable Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 8, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 8, 2026 | D. Woo | /s/ D. Woo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Andrew & Julie Stupin - #11155 – Top 20 & Secured

Clearedge Lending
20 Enterprise, Suite 300
Aliso Viejo, CA 92656

Comerica Bank
1717 Main Street
Dallas, TX 75201

County of Orange
P.O. Box 1438
Santa Ana, CA 92702-1438

First Bank
Attn: Payment Processing
PO Box 790269
Saint Louis, MO 63179

First Bank
Attn: Payment Processing
PO Box 790269
Saint Louis, MO 63179

First Bank
Attn: Payment Processing
PO Box 790269
Saint Louis, MO 63179

First Choice Bank
17785 Center Court Drive, Suite 750
Cerritos, CA 90703

Rocket Mortgage
PO Box 6577
Carol Stream, IL 60197-6577

Secured Income Fund-II c/o
PLM Lender Services, Inc
5446 Thornwood Drive,2nd Floor
San Jose, CA 95123

The Evergeen Advantage
1424 4th Street, Suite 777
Santa Monica, CA 90401

VL Ventures LLC
1303 Avocado Av, Suite 200
Newport Beach, CA 92660

Abraham & Linda Rayhaun
6455 Marigayle Cir.
Huntington Beach, CA 92684

Dan Genis
2661 Tallant Rd. #MN708
Santa Barbara, CA 93105

Daniel Mayhew
8941 Atlanta Ave. #351
Huntington Beach, CA 92646

David Schiff
100 Ocean Ave. Unit C300
Santa Monica, CA 90402

Denise Simon
2222 Avenue of the Stars, #1902
Los Angeles, CA 90067

Fletcher Jones Motor Cars, Inc.
3300 Jamboree Rd
Newport Beach, CA 92660

Gibson Family Trust
12 Whalers Bluff
Newport Coast, CA 92657

Global Medical Systems
10391 E. Rosemary Lane
Scottsdale, AZ 08255

Jane Torpipat & Don Torpipiat
11310 Carob Cir.
Fountain Valley, CA 92708

Jim & Cheryl Markham c/o
Sonja Rapparport
23 Vista Del Valle
Aliso Viejo, CA 92656

Julie Kaplan
47 Paloma #B
Venice, CA 90291

Karen Kaplan  Revocable Trust
1509 Elton Lane
Austin, TX 78703

Larry Barker
105 Golden Glen Way
Fayetteville, GA 30214

Mel Remba
2446 Apollo Drive
Los Angeles, CA 90046

Michael Kaplan
PO Box 277
Surfside, CA 90743

PLM Lender Services, Inc.
5446 Thornwood Drive, 2nd Floor
San Jose, CA 95123

Robert & Mai Linh Purdy
1718 Port Charles Place
Huntington Beach, CA 96248

Rocket Mortgage
PO Box 6577
Carol Stream, IL 60197-6577

Andrew & Julie Stupin - #11155 – Top 20 & Secured

Select Portfolio Servicing
PO Box 65250
Salt Lake City, UT 84165

The Process Server
960 N Tustin Street #304
Orange, CA 92687

Andrew & Julie Stupin - #11155 –
Official Committee Of Unsecured Creditors

Zion Bancorporation, N.A.
dba California Bank & Trust
Attn: Jeffrey Hill
707 Wilshire Blvd., Suite 5700
Los Angeles, CA 90017

Preferred Bank
Attn: Carol Lee
601 S. Figueroa St., 48th Floor
Los Angeles, CA 90017

Banc of California
Attn: Brian Farrell – Legal Dept
3 MacArthur Place
Santa Ana, CA 92707

Western Alliance Bank
c/o Al Thuma
One East Washington Street #1400
Phoenix, AZ 85004

Gerald J. Marcil
43 Malaga Cove Plaza, #D
Palos Verdes, CA 90274

LBC3 Trust, a Delaware Statutory Trust
Attn: Henry Bensen
106 Chestnut Street E
Stillwater, MN 55082

Conejo Loan Investors, LLC
Attn: Jack
2625 Alcatraz Ave., 214
Berkeley, CA 94705

Kimm Paglia
c/o Marshack Hay Wood LLP
870 Roosevelt
Irvine, CA 92620

Mark Genis
697 Corte Estrella
Camarillo, CA 93010