Zev Shechtman (Bar No. 266280)
 *zev.shechtman@saul.com*
Steven F. Werth (Bar No. 205434)
 *steven.werth@saul.com*
**SAUL EWING LLP**
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

A. SASHA FRID (State Bar No. 216800)
 *sfrid@millerbarondess.com*
JEFFERY B. WHITE (State Bar No. 291086)
 *jwhite@millerbarondess.com*
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone:   (310) 552-4400
Facsimile:    (310) 552-8400

Attorneys for Zions Bancorporation, N.A., dba
California Bank & Trust

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ANDREW STUPIN and JULIE STUPIN,<br><br>Debtors and Debtors in Possession. | Case No. 8:26-bk-11202-SC<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZIONS BANCORPORATION, N.A., DBA CALIFORNIA BANK & TRUST'S MOTION FOR RELIEF FROM STAY**<br><br>Date:        July 15, 2026<br>Time:       1:30 p.m.<br>Place:      Courtroom 5C<br>                411 West Fourth Street<br>                Santa Ana, CA, 92701 |

58076743.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZIONS BANCORPORATION, N.A., DBA CALIFORNIA BANK & TRUST'S MOTION FOR RELIEF FROM STAY

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION................................................................................................................5

II.     FACTS ...............................................................................................................................6

        A.      CB&T's Credit Facilities And Resulting Defaults....................................................6

        B.      The State Court Action.............................................................................................7

        C.      The Debtors' Bankruptcy Filing And Notice of Removal .......................................8

        D.      Events In This Bankruptcy Case ..............................................................................9

III.    THE COURT SHOULD GRANT RELIEF FROM THE AUTOMATIC STAY ..............11

        A.      Legal Standard For Relief From Stay .....................................................................11

        B.      The Relevant Factors Overwhelmingly Favor Relief From Stay............................12

                1.      The Lack Of Any Connection With Or Interference With The
                        Bankruptcy Case (Factor 2)...........................................................................12

                2.      Resolution Of Issues, Judicial Economy, And Trial Readiness
                        (Factors 1, 10, 11) .........................................................................................14

                3.      Specialized Tribunal With Expertise (Factor 4).............................................16

                4.      Creditor Interests and Balance of Hurt (Factors 7, 12) ..............................17

                5.      Inapplicable Factors (Factors 3, 5, 6, 8, 9)....................................................19

IV.     CONCLUSION ................................................................................................................19

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZIONS BANCORPORATION, N.A.,
DBA CALIFORNIA BANK & TRUST'S MOTION FOR RELIEF FROM STAY

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*In re Am. Spectrum Realty, Inc.*,
    540 B.R. 730 (Bankr. C.D. Cal. 2015) .............................................................................*passim*

*In re Badax, LLC*,
    608 B.R. 730 (Bankr. C.D. Cal. 2019) ........................................................................................ 12

*Beard v. Braunstein*,
    914 F.2d 434 (3d Cir. 1990) ....................................................................................................... 16

*In re Castlerock Props.*,
    781 F.2d 159 (9th Cir. 1986) ...................................................................................................... 15

*In re Curtis*,
    40 B.R. 795 (Bankr. D. Utah 1984) ........................................................................... 4, 9, 10, 17

*Grogan v. Garner*,
    498 U.S. 279 (1991) .................................................................................................................... 11

*In re Hoffman*,
    33 B.R. 937 (Bankr. W.D. Okla. 1983) ...................................................................................... 15

*In re Kronemyer*,
    405 B.R. 915 (B.A.P. 9th Cir. 2009) .............................................................................. 10, 11, 14, 15

*In re Merriman*,
    616 B.R. 381 (B.A.P. 9th Cir. 2020) ................................................................................... 11, 15

*In re Plumberex Specialty Prods. Inc.*,
    311 B.R. 551 (C.D. Cal. 2004) ..................................................................................................... 9

*In re Roger*,
    539 B.R. 837 (C.D. Cal. 2015) ................................................................................................... 10

*In re Santa Clara Cnty. Fair Ass'n, Inc.*,
    180 B.R. 564 (B.A.P. 9th Cir. 1995) ................................................................................... 14, 16

*In re Tucson Ests., Inc.*,
    912 F.2d 1162 (9th Cir. 1990) .................................................................................................... 17

**Federal Statutes**

11 U.S.C.§ 362(a)......................................................................................................................... 9

11 U.S.C.§ 362(d)(1).................................................................................................................... 9

58076743.1

3

28 U.S.C. § 157(c)(1) ............................................................................................ 14, 16

**California Statutes**

California Code of Civil Procedure § 638 ....................................................................... 5

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZIONS BANCORPORATION, N.A.,
DBA CALIFORNIA BANK & TRUST'S MOTION FOR RELIEF FROM STAY

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## I.     **INTRODUCTION**

This Motion (the "Motion") seeks relief from the automatic stay to permit Plaintiff Zions Bancorporation, N.A., dba California Bank & Trust ("CB&T"), to continue prosecuting the action pending in the Los Angeles County Superior Court, Case No. 25STCV30165 (the "State Court Action").  In that action, CB&T seeks to recover approximately $60 million under defaulted commercial loan guaranties executed by Debtors Andrew Stupin and Julie Stupin (collectively, the "Debtors") and other non-debtor guarantors, but does not seek enforcement of any judgment against the Debtors.  The State Court Action is already far advanced and has been actively litigated before the Hon. Mitchell L. Beckloff (Ret.) (the "Referee"), who was selected by all parties pursuant to a mandatory contractual judicial reference provision.

This Motion is the companion to CB&T's concurrently pending motion to remand (the "Remand Motion") in Adv. No. 8:26-ap-01060-SC.  As discussed in the Remand Motion, the Debtors selectively removed portions of the State Court Action while leaving related claims before the Referee, resulting in parallel proceedings involving the same parties, transactions, witnesses, documents, and legal issues.  Through the Remand Motion, CB&T seeks to return the removed claims to the Los Angeles Superior Court so that the entire dispute may proceed before a single adjudicator.  If the Court grants the Remand Motion, however, the automatic stay will prevent the remanded claims against the Debtors from moving forward absent further relief.  Accordingly, this Motion seeks the relief necessary to ensure that, if remand is granted, the State Court Action may proceed in its entirety before the Referee.

The need for that relief is compelling.  As discussed in the Remand Motion, the Referee has presided over extensive motion practice, discovery, and substantive proceedings, including CB&T's successful attachment applications and related reconsideration motions.  The parties have extensively litigated the matter, engaging in substantial motion practice, discovery, document production, and related discovery and pleading disputes.  As a result, the Referee has devoted substantial judicial resources to the case, become deeply familiar with the parties, facts, governing agreements, and legal issues, and issued multiple substantive rulings addressing the parties' claims and defenses.

Every relevant *Curtis* factor weighs in favor of granting relief from stay.  The State Court Action would not interfere with the administration of these Chapter 11 cases; the Referee is a specialized tribunal with extensive expertise in the issues presented; judicial economy strongly favors reunifying the fragmented proceedings in a single forum rather than duplicating the Referee's extensive work before this Court; and other creditors would benefit from the efficient resolution of CB&T's approximately $60 million claim.  The balance of harms weighs decidedly in CB&T's favor, particularly given Mr. Stupin's admission that the bankruptcy filing was motivated by CB&T's attachment efforts and pending litigation, and the Debtors' selective removal of only portions of the State Court Action.  Those actions have fragmented an otherwise unified proceeding and created precisely the type of forum shopping and inefficiency that relief from stay would remedy.

Accordingly, if the Court grants the Remand Motion, it should likewise grant this Motion so the State Court Action may continue as a unified proceeding before the Referee.  For these reasons, CB&T respectfully requests that the Court grant relief from the automatic stay as to CB&T's state-law claims against the Debtors in the State Court Action.

## II.   FACTS

### A.   CB&T's Credit Facilities And Resulting Defaults

CB&T's claims arise from revolving credit facilities made to Cantor Group II, LLC ("Cantor II") and Cantor Group IV, LLC ("Cantor IV," and together with Cantor II, the "Borrowers") to fund their acquisition of distressed mortgage loans.  (Declaration of Matthew Bullock ("Bullock Decl.") ¶ 8.)  Those facilities were later increased to $30 million each, for an aggregate commitment of $60 million.  (*Id*. ¶ 9.)

Repayment of the Borrowers' obligations was guaranteed by Andrew Stupin, individually and as trustee of The Stupin Family Trust dated April 9, 2003, Gerald Marcil, individually and as trustee of The Marcil Family Trust dated May 9, 1997, and Deba Shyam (collectively, the "Guarantors").  (Bullock Decl. ¶ 10.)  Under their guaranties (the "Guaranties"), the Guarantors absolutely and unconditionally guaranteed the Borrowers' payment and performance obligations to CB&T, agreed to unlimited personal liability, and waived numerous defenses and suretyship

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58076743.1

6

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

rights. (*Id*. Exs. 1–8 §§ 1, 3, 4, 6–9.)

In August 2025, CB&T reviewed the Cantor II and Cantor IV facilities and discovered significant collateral deficiencies. Among other things, CB&T determined that many purported collateral notes were not valid, enforceable obligations with balances due and owing, and that CB&T did not hold valid first-priority security interests in the collateral properties as required by the loan documents and Security Agreements. (Bullock Decl. ¶ 13.) CB&T demanded compliance and issued notices of default, but the Borrowers and Guarantors failed to cure. (*Id*. ¶ 14.)

**B.      The State Court Action**

CB&T commenced the State Court Action on October 15, 2025, asserting claims against the Guarantors for breach of the Guaranties and seeking prejudgment writs of attachment to secure approximately $60 million in unpaid principal. (Declaration of A. Sasha Frid ("Frid Decl.") ¶ 2.)

Pursuant to the Guaranties' mandatory judicial-reference provisions, all disputes arising thereunder were required to be adjudicated before a judicial referee under California Code of Civil Procedure section 638. (Bullock Decl. Exs. 1–8 § 27.) Following a meet-and-confer process, the parties unanimously selected the Hon. Mitchell L. Beckloff (Ret.) to serve as Referee. (Frid Decl. ¶ 6.)

Since his appointment, the Referee has overseen extensive proceedings involving the parties' claims and defenses. Among other things, he granted CB&T's applications for writs of attachment after finding the probable validity of CB&T's breach-of-guaranty claims and rejecting the Guarantors' principal defenses. (Frid Decl. ¶ 7.) The Guarantors moved for reconsideration, which was extensively briefed and argued at two hearings; the Referee again rejected the Guarantors' arguments in a further reasoned decision. (*Id*.)

The litigation has otherwise proceeded extensively. The Guarantors each filed cross-claims against CB&T, Shyam, and the Cantor entities arising from CB&T's lending practices, the enforceability of the guaranties, and the parties' respective rights and obligations. (Frid Decl. Exs. 6–8.) Although the specific causes of action vary, the cross-claims generally allege that CB&T advanced loan proceeds despite purported collateral and documentation deficiencies, thereby

58076743.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZIONS BANCORPORATION,
N.A., DBA CALIFORNIA BANK & TRUST'S MOTION FOR RELIEF FROM STAY

materially increasing the Guarantors' risk and affecting the enforceability of the guaranties. (*Id*.) The claims against Shyam and the Cantor entities concern their management of the borrower entities, compliance with the loan agreements, alleged fiduciary duties, and potential indemnity and contribution obligations. (*Id*.) Shyam and the Cantor entities, in turn, filed a cross-complaint against CB&T seeking declaratory relief concerning their potential liability under the loan agreements and guaranties, and against the co-guarantors seeking declaratory relief regarding potential rights of contribution and indemnity. (*Id*.)

The litigation has otherwise proceeded extensively. The parties have litigated pleading challenges and discovery disputes, pursued substantial third-party discovery, exchanged written discovery, produced documents, and negotiated deposition scheduling. (Frid Decl. ¶ 11.) In addition, the Referee sustained CB&T's demurrer to all but one claim—declaratory relief— asserted in the Debtors' Cross-Complaint. (*Id*. & Ex. 9.)

As a result, the Referee has become deeply familiar with the parties, facts, governing agreements, and legal issues, and substantial judicial resources have already been invested in the State Court Action. (Frid Decl. ¶ 12.)

## C.    **The Debtors' Bankruptcy Filing And Notice of Removal**

After the Referee granted CB&T's writ applications, CB&T began enforcing its attachment remedies. On April 9, 2026, CB&T recorded its writ of attachment against the Debtors' primary residence with the Orange County Recorder's Office. (Frid Decl. ¶ 13.) Eight days later, on April 17, 2026, the Debtors filed voluntary petitions under Chapter 11 (the "Petition Date"). (*Id*.) They then filed a Notice of Removal on May 7, 2026. (*Id*. ¶ 14.)

The Notice of Removal did not remove the State Court Action in full. Instead, the Debtors removed only selected claims, including CB&T's breach-of-guaranty claims against Andrew Stupin and the Marcils, certain crossclaims asserted by Andrew Stupin and Gerald Marcil, and certain crossclaims asserted by the Cantor Parties against the Debtors and Marcil Defendants. (Notice of Removal at 2:22-3:10.)

Other substantial portions of the State Court Action remain before the Referee, including CB&T's claims against Shyam and the Cantor Parties' crossclaims against CB&T. (Notice of

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58076743.1

8

Removal at 3:12.)  The Referee has continued to preside over those proceedings, including by addressing the effect of the Debtors' bankruptcy filing and adjudicating discovery-related matters. (Frid Decl. ¶ 14.)

As such, the Debtors' partial removal divided an already advanced State Court Action between two tribunals.  The removed and non-removed claims arise from the same lending transactions, materially identical Guaranties, overlapping witnesses and evidence, and closely related legal and factual issues.  Proceeding in two forums would create unnecessary duplication, inefficiency, and a substantial risk of inconsistent rulings.

### D.    Events In This Bankruptcy Case

The Debtors filed their Chapter 11 petitions on April 17, 2026.  As of the filing of this Motion, the Debtors have provided little meaningful information regarding the purpose of these cases, their reorganization strategy, or how they intend to address their substantial liabilities.  The Debtors filed no first-day motions that might have shed light on their objectives or proposed path through Chapter 11.  (Declaration of Zev Shechtman ("Shechtman Decl."). ¶ 3, Ex. 1.)

The Debtors filed their original Schedules and Statement of Financial Affairs on May 15, 2026, and their amended Schedules and State of Financial Affairs on June 2, 2026.  (Shechtman Decl. Ex. 1.)  The schedules reflect assets of approximately $98 million and liabilities of approximately $71 million according to their amended Schedules.  (*Id*. ¶ 4.)  Those figures, however, appear incomplete because numerous assets and liabilities are listed with values designated as "Unknown."  For example, the Debtors schedule reflects interests in approximately 75 separate business entities without assigning any value to those interests.  Likewise, the Debtors list the claims of each of Banc of California, LBC3 Trust, CB&T and Western Alliance Bank in "Unknown" amounts, despite Banc of California filing a proof of claim in the amount of $35,000,000, LBC3 Trust filing a proof of claim in the amount of $28,479,879.79, CB&T filing a proof of claim in the amount of $59,902,500, and Western Alliance Bank filing a proof of claim in the amount of $173,021,165.87.  (*Id*. Ex. 3.)  As a result, the Debtors' actual liabilities may

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZIONS BANCORPORATION,
N.A., DBA CALIFORNIA BANK & TRUST'S MOTION FOR RELIEF FROM STAY

substantially exceed the amounts reflected on their schedules. (*Id*. Exs. 2–3.)[1]

The Debtors' testimony at the meeting of creditors provides further context regarding the purpose of these Chapter 11 cases. During the May 18, 2026, meeting of creditors, Andrew Stupin acknowledged that the filing was prompted by CB&T's attachment efforts and the pending State Court Action. When asked why he filed for bankruptcy, Mr. Stupin testified: "There was a writ of attachment that [CB&T] had got on me, and I needed to protect myself from that writ and defeat that lawsuit, as I will." (Shechtman Decl. Ex. 4 at 42:2–4.) When asked whether he was referring to the "Zions writ," Mr. Stupin responded: "Yes, sir." (*Id*. Ex. 4 at 42:5–6.)

CB&T's counsel repeatedly attempted to ascertain the Debtors' business strategy, their plans for addressing creditor claims, and their intended path toward reorganization. (Shechtman Decl. Ex. 4 at 39:21–24, 40:13–14.) Despite those inquiries, the Debtors provided virtually no substantive information concerning their objectives in these Chapter 11 cases. Instead, the only meaningful response offered was Mr. Stupin's statement that he intended to "continue to run [his] properties as proficiently and expertly as [he has] over the last 55 years." (*Id*. Ex. 4 at 41:8–9.) Consequently, as of the filing of this Motion, creditors and other parties in interest remain without any meaningful understanding of how the Debtors intend to reorganize, address their liabilities, or propose a confirmable plan.

On June 1, 2026, CB&T filed the Remand Motion seeking remand of all removed claims to the State Court. (Adv. Proc. Dkt. 16.) The Remand Motion is scheduled to be heard concurrently with this Motion. (*Id*.) If the Court grants the Remand Motion, the claims against the Debtors will once again be before the Referee. Accordingly, CB&T seeks relief from the

---

[1] The Debtors provided little meaningful information regarding the value of their assets at the initial meeting of creditors on May 18, 2026. When asked how he determined the values of the Debtors' 17 scheduled properties with known values (the amended Schedule reflect 18 such properties), Mr. Stupin testified: "I've been coming up with numbers for 55 years. I've done this a long time. I study the market, I know the market pretty well. So I based it on my knowledge, expertise and professionalism." (Shechtman Decl. Ex. 4 at 33:20–24). Mr. Stupin was unable to provide valuation information for the numerous entities (then totaling approximately 74) in which the Debtors held ownership interests, including entities they wholly owned. (*See id*. Ex. 4 at 44:1––16.)

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58076743.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZIONS BANCORPORATION, N.A., DBA CALIFORNIA BANK & TRUST'S MOTION FOR RELIEF FROM STAY

automatic stay so that the State Court Action may proceed as a single, unified proceeding before the Referee rather than remain divided among multiple forums.[2]

## III.    THE COURT SHOULD GRANT RELIEF FROM THE AUTOMATIC STAY

### A.    Legal Standard For Relief From Stay

Section 362(a) generally stays the continuation of litigation against a debtor outside the bankruptcy court upon the filing of a bankruptcy petition.  11 U.S.C. § 362(a).  Under section 362(d)(1), however, the Court may grant relief from the automatic stay "for cause."  11 U.S.C. § 362(d)(1).  The moving party bears the initial burden of establishing a prima facie showing of cause, after which the burden shifts to the debtor to demonstrate that stay relief is unwarranted.  *In re Plumberex Specialty Prods. Inc.*, 311 B.R. 551, 557 (C.D. Cal. 2004).

In determining whether cause exists to permit pending litigation to proceed in another forum, courts in the Ninth Circuit apply the twelve nonexclusive factors set forth in *In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984) ("*Curtis*").  They are as follows: (1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties, and the debtor functions as only a bailee or a conduit for the goods or proceeds in question; (7) whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under Section

---

[2] Prior to filing this Motion, and as the Court suggested at the June 3, 2026, status conference, counsel for CB&T met and conferred with counsel for the Debtors on June 8, 2026, regarding the relief requested herein.  (Frid Decl. ¶ 15.)  During that conference, CB&T advised that, should the Court grant the Remand Motion, it intended to seek relief from the automatic stay to permit the State Court Action to proceed.  *(Id.)*  CB&T further inquired whether the Debtors would consent to stay relief for the limited purpose of allowing the State Court Action to proceed to judgment, while preserving the automatic stay with respect to any enforcement or collection efforts.  (*Id.*)  The parties were unable to reach a resolution, thereby necessitating the filing of this Motion.  (*Id.*)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZIONS BANCORPORATION,
N.A., DBA CALIFORNIA BANK & TRUST'S MOTION FOR RELIEF FROM STAY

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

510(c); (9) whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and (12) the impact of the stay on the parties and the "balance of hurt." *Id.* (internal citations omitted).

The Ninth Circuit has adopted the *Curtis* factors as the "appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." *In re Kronemyer*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009). Not every *Curtis* factor is relevant in every case, and the factors need not be given equal weight. *In re Roger*, 539 B.R. 837, 844–45 (C.D. Cal. 2015) (citing *In re Plumberex Specialty Prods., Inc.*, 311 B.R. at 559). Courts routinely place particular importance on whether stay relief would affect the administration of the bankruptcy estate. *Id*; *see also In re Am. Spectrum Realty, Inc.*, 540 B.R. 730, 739 (Bankr. C.D. Cal. 2015).

**B.      The Relevant Factors Overwhelmingly Favor Relief From Stay**

Because the claims against the Debtors have been removed to this Court, the automatic stay does not presently prevent their adjudication. If, however, the Court grants CB&T's concurrently pending Remand Motion and returns those claims to the State Court, relief from stay will be necessary for the litigation to proceed. Under those circumstances, the relevant *Curtis* factors overwhelmingly favor relief from stay so the State Court Action may continue before the Referee as a unified proceeding.

**1.      The Lack Of Any Connection With Or Interference With The Bankruptcy Case (Factor 2)**

This factor—the most important *Curtis* factor—strongly favors relief from stay. *See In re Roger*, 539 B.R. at 844. If the Court grants the Remand Motion, allowing the State Court Action to proceed before the Referee will facilitate, rather than hinder, the administration of these Chapter 11 cases.

CB&T seeks only to liquidate its claims, not to enforce any resulting judgment against the Debtors or property of the estate. A court—whether this Court or the State Court—must

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZIONS BANCORPORATION, N.A., DBA CALIFORNIA BANK & TRUST'S MOTION FOR RELIEF FROM STAY

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

ultimately determine the parties' respective rights and obligations, and allowing that process to continue before the Referee would not interfere with the administration of these Chapter 11 cases. Once its claim is liquidated, CB&T will participate in these cases in the same manner as any other unsecured creditor. *See In re Merriman*, 616 B.R. 381, 387 (B.A.P. 9th Cir. 2020) (affirming relief from stay to permit state-court litigation to proceed while preserving the stay as to enforcement of any resulting judgment).

Indeed, the validity and amount of a creditor's claim are generally determined under applicable nonbankruptcy law. *Grogan v. Garner*, 498 U.S. 279, 283 (1991).  Liquidation of CB&T's approximately $60 million claim will therefore facilitate, rather than hinder, the administration of these Chapter 11 cases and any eventual Chapter 11 plan. *See In re Kronemyer*, 405 B.R. at 922 (factor favored relief from stay where resolution of a surcharge request in state court would assist the bankruptcy court in determining whether company had a claim against the debtor).

Nor have the Debtors identified any reorganization objective that would be advanced by preventing the litigation from proceeding.  More than six weeks after the Petition Date, the Debtors have articulated no meaningful reorganization strategy and have provided little information regarding how they intend to address their substantial liabilities or propose a confirmable plan. *See In re Am. Spectrum Realty, Inc.*, 540 B.R. at 739 (factor favored relief from stay where "the Debtor provided no comparative evidence suggesting that denying stay relief would ultimately result in less interference with the bankruptcy estate").

To the contrary, denying stay relief would likely increase costs and delay by requiring duplicative proceedings and inviting jurisdictional and constitutional challenges that would not exist before the Referee.  Granting stay relief would allow the entire State Court Action to proceed before a Referee who is already deeply familiar with the parties, facts, and legal issues, thereby promoting the efficient resolution of the dispute and avoiding unnecessary expense. *In re Am. Spectrum Realty, Inc.*, 540 B.R. at 739 (recognizing that "additional costs related to jurisdiction would not be an issue in the state court proceeding").  Moreover, the Referee is already adjudicating claims involving the same underlying transactions, witnesses, and legal issues.

58076743.1

13

Requiring multiple tribunals to address overlapping issues would serve no legitimate bankruptcy purpose and would only increase the administrative burden and expense borne by the estate.

**2.    Resolution Of Issues, Judicial Economy, And Trial Readiness (Factors 1, 10, 11)**

The factors concerning resolution of the issues (Factor 1), judicial economy and the expeditious determination of the litigation (Factor 10), and the progress of the nonbankruptcy proceeding (Factor 11) all strongly favor relief from stay.  Relief from stay will permit the Referee to adjudicate the entire State Court Action—including claims involving the Debtors, the Marcils, and the Cantor Parties—in a single coordinated proceeding.  That is the most efficient way to resolve this state-law dispute, which involves overlapping facts, witnesses, guaranty provisions, and defenses.[3]

The Debtors' Notice of Removal left substantial portions of the State Court Action pending before the Referee.  Thus, only remand coupled with stay relief can reunify the proceeding before a single adjudicator.  Requiring this Court to duplicate the Referee's work would not promote efficiency; it would undermine it.  The Referee has already invested substantial judicial resources in adjudicating the factual and legal issues, and stay relief would preserve that investment while avoiding duplicative litigation, unnecessary expense, and the risk of inconsistent rulings.  *See In re Am. Spectrum Realty, Inc.*, 540 B.R. at 739 (factor favored relief from stay where state court action involved multiple parties, all causes of action arose under state law, and there was a "risk of inconsistent determinations between the two court systems"); *see also In re Badax, LLC*, 608 B.R. 730, 745 (Bankr. C.D. Cal. 2019) (granting relief from stay where the legal issues would "impose a substantial learning curve on the Court, which otherwise can be avoided by allowing the matter to be determined in the Superior Court").[4]

---

[3] This case presents the same practical circumstance addressed in *In re American Spectrum Realty, Inc.*, where state-law claims involving multiple non-debtor parties were permitted to proceed in state court while bankruptcy administration and claims allowance issues remained before the bankruptcy court.  *See* 540 B.R. at 738–39.  The same result is warranted here.

[4] The complexity of these Chapter 11 cases further supports relief from stay.  The Debtors' cases involve numerous assets and liabilities of uncertain magnitude, multiple related bankruptcy

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58076743.1

14

The Debtors and the other Guarantors asserted cross-claims against CB&T based on alleged deficiencies in CB&T's administration of the loans and collateral securing them. (Frid Decl. ¶ 9; Exs. 6–8.) Those allegations form the basis of both the Guarantors' affirmative claims against CB&T and their core defenses to CB&T's enforcement of the guaranties. (*Id*.) Similar issues, as well as claims for indemnity and contribution, are implicated by the claims asserted by Shyam and the Cantor entities against the Debtors and Marcil. (*Id*.) As a result, absent stay relief, both this Court and the Referee would be required to evaluate substantially the same evidence concerning the loans, collateral, and guaranties.

For example, among other inefficiencies, if the *status quo* remains and the case is neither remanded nor the stay lifted, the Debtors would be prosecuting their breach of fiduciary duty and indemnity claims against Shyam and the Cantor entities before this Court, while Shyam and the Cantor entities would simultaneously be pursuing contribution, indemnity, and related liability claims arising from the same underlying transactions against the Debtors in the State Court Action. (Frid Decl. ¶ 10.) At the same time, CB&T would be prosecuting its claims against the Debtors and defending against the Debtors' claims in this Court while simultaneously litigating against Shyam and (in all likelihood) Marcil in the State Court Action concerning the same exact transactions, defenses, cross-claims, witnesses, and evidence. The same parties would therefore be litigating overlapping disputes arising from the same underlying conduct in two different forums simultaneously.

The parties would be forced to engage in duplicative discovery, depositions, motion practice, and evidentiary proceedings concerning the same underlying transactions, with the Debtors serving as witnesses in both forums. (Frid Decl. ¶ 10.) Such duplication would unnecessarily increase costs for all parties, including the estate.

---

proceedings, and various litigation matters involving entities in which the Debtors hold interests. Indeed, the Debtors have struggled to identify and quantify their assets and liabilities for fundamental bankruptcy purposes. (*See, e.g*., Chapter 11 Status Report, Dkt. No. 61 at 5–6.) Against that backdrop, judicial economy is best served by allowing the Referee to continue adjudicating the parties' state-law dispute while this Court focuses on the core bankruptcy matters necessary to administer these Chapter 11 cases.

58076743.1                               15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZIONS BANCORPORATION, N.A., DBA CALIFORNIA BANK & TRUST'S MOTION FOR RELIEF FROM STAY

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

Maintaining parallel proceedings also creates a substantial risk of inconsistent rulings. Both tribunals would be asked to resolve overlapping issues concerning the loan agreements, guaranties, CB&T's collateral practices, and the parties' respective liabilities. Conflicting determinations could create uncertainty regarding the parties' rights and obligations and necessitate further litigation. Granting stay relief avoids those risks and allows the dispute to proceed in the forum that has already invested substantial time and resources in the matter.

The non-core nature of the claims further supports relief. If the claims remain here, this Court may be required to issue proposed findings and conclusions subject to *de novo* review by the district court, adding another layer of proceedings. *See* 28 U.S.C. § 157(c)(1); *In re Santa Clara Cnty. Fair Ass'n, Inc.*, 180 B.R. 564, 566–67 (B.A.P. 9th Cir. 1995) (judicial economy favored relief from stay where issues would be revisited in district court). That process makes little sense where the Referee is already deeply familiar with the factual record, governing agreements, and parties' defenses, and is positioned to adjudicate the matter to conclusion.

Although no trial date has been set, the State Court Action has progressed well beyond its initial stages. The Referee has issued multiple substantive rulings, including rulings granting CB&T's attachment applications, denying reconsideration, and sustaining a demurrer. (Frid Decl. ¶¶ 11–12.) The parties have also undertaken substantial discovery before the bankruptcy filing intervened. (*Id*. ¶ 8.) The case is therefore sufficiently advanced to support relief from stay and "prompt determination" before the Referee. *See In re Kronemyer*, 405 B.R. at 921.

### 3. <u>Specialized Tribunal With Expertise (Factor 4)</u>

Factor 4 strongly favors relief from stay. Pursuant to the Guaranties' mandatory judicial-reference provisions, the parties selected the Hon. Mitchell L. Beckloff (Ret.) to serve as Referee. (Frid Decl. ¶ 6.) As discussed before, Judge Beckloff, a former Los Angeles Superior Court judge with extensive experience in complex commercial disputes, has already presided over substantial proceedings in the State Court Action and become deeply familiar with the parties, facts, and legal issues. (*Id*. ¶ 7.) Accordingly, he is uniquely positioned to adjudicate the parties' California-law claims efficiently and consistently.

Courts routinely recognize that stay relief is appropriate where a specialized tribunal or

58076743.1

16

adjudicator has particular expertise and familiarity with the issues presented. *See In re Castlerock Props.*, 781 F.2d 159, 163 (9th Cir. 1986) ("A clear congressional policy exists to give state law claimants a right to have claims heard in state court."); *see also In re Kronemyer*, 405 B.R. at 921–22 (factor favored relief from stay where issue was "unique to the guardianship proceeding, and thus squarely within the expertise of the State Court"); *In re Am. Spectrum Realty, Inc.*, 540 B.R. at 741 (concluding that "the optimal court to decide these state law issues is the Texas state court who has dealt with this litigation for over two-and-a-half years"). The same is true here. The Referee was selected by agreement of the parties, possesses extensive experience with California commercial disputes, and has already developed substantial familiarity with this case. This factor therefore weighs heavily in favor of granting relief from stay.

### 4.    Creditor Interests and Balance of Hurt (Factors 7, 12)

Factors 7 and 12 likewise favor relief from stay. Litigation before the Referee will not prejudice other creditors. To the contrary, other creditors stand to benefit from the efficient liquidation of CB&T's approximately $60 million claim and the adjudication of the parties' related claims and defenses in a single forum. The Debtors' selective removal divided the State Court Action between two forums. Because certain claims remain before the Referee, only remand coupled with stay relief can restore the dispute to a single adjudicator. Resolving all claims in one forum will minimize duplication, reduce administrative expense, and promote a complete and consistent resolution of the parties' disputes.

The balance of harms likewise weighs heavily in favor of relief. If stay relief is granted, the State Court Action can proceed before the Referee. CB&T and the other litigants will avoid the burden and expense of litigating overlapping issues in multiple forums. *See In re Hoffman*, 33 B.R. 937, 941 (Bankr. W.D. Okla. 1983) (concluding that "causing the Plaintiffs to proceed once against [the debtor] in a bankruptcy proceeding and then against [the debtor] and the co-defendants in District Court would result in an even greater prejudice to the Plaintiffs"). By contrast, the Debtors will suffer no cognizable prejudice. They must litigate the merits of CB&T's claims regardless of forum, and the automatic stay will continue to protect them from any collection or enforcement efforts. *See In re Merriman*, 616 B.R. at 387.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58076743.1

17

Indeed, denying stay relief would likely increase costs to the estate. Requiring the parties to proceed in this Court would force them to develop the record anew in the Adversary Proceeding despite the Referee's extensive familiarity with the facts, parties, and legal issues. It also would create parallel proceedings—one in State Court and one in federal court—addressing substantially overlapping issues. The Debtors would be witnesses in both actions, and the parties would face duplicative discovery, depositions, motion practice, and evidentiary hearings concerning the same underlying transactions.

Moreover, as discussed above, the Guarantors' cross-claims and defenses to CB&T's guaranty claims, together with the claims asserted by Shyam and the Cantor entities concerning liability, indemnity, and contribution, involve substantially the same underlying facts, transactions, witnesses, and evidence. As a result, both tribunals would be required to evaluate substantially the same evidence and issues, resulting in duplicative proceedings, increased costs, and a substantial risk of inconsistent rulings.

Moreover, because the claims are non-core state-law claims, this Court may not enter final judgment absent the consent of all parties, which CB&T does not provide. See 28 U.S.C. § 157(c)(1); *Beard v. Braunstein*, 914 F.2d 434, 445 (3d Cir. 1990) (action "involving pre-petition contracts, allegedly breached both before and after the filing of the petition, is entirely a non-core matter"). Instead, this Court may be required to issue proposed findings and conclusions subject to de novo review by the district court, creating an additional layer of litigation. *See In re Santa Clara Cnty. Fair Ass'n, Inc.*, 180 B.R. at 566–67. The parties are also likely to confront threshold disputes concerning this Court's authority to adjudicate and enter final judgment on these claims—issues that do not exist before the Referee or in the State Court. As a result, litigating these claims in bankruptcy court would likely be more expensive, time-consuming, and inefficient than allowing the State Court Action to proceed before the Referee.

Finally, the Debtors' own testimony confirms that these Chapter 11 cases were filed to halt CB&T's collection efforts and pending litigation. Mr. Stupin admitted he filed bankruptcy to protect himself from CB&T's writ of attachment and to defeat CB&T's lawsuit. (Shechtman Decl. Ex. 4 at 42:2–6.) The Debtors also selectively removed only portions of the State Court

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58076743.1

18

Action. These circumstances reflect precisely the type of forum shopping and litigation delay the Curtis analysis is intended to discourage. *See In re Tucson Ests., Inc.*, 912 F.2d 1162, 1169 (9th Cir. 1990) (factor favored lifting stay where the delay in filing for bankruptcy "suggests that the filing's purpose was to avoid an unfavorable state court judgment"); *see also In re Am. Spectrum Realty, Inc.*, 540 B.R. at 743 (factor favored relief from stay where, among other things, "the Debtor only seeks to delay the proceeding"). The balance of hurt weighs decidedly in favor of granting relief from stay.

### 5.        Inapplicable Factors (Factors 3, 5, 6, 8, 9)

The remaining *Curtis* factors are either inapplicable or neutral. The State Court Action does not involve the Debtors acting in a fiduciary capacity (Factor 3); no insurer has assumed responsibility for the defense of the litigation (Factor 5); the Debtors are not functioning as bailees or conduits (Factor 6); equitable subordination under section 510(c) is not implicated (Factor 8); and any judgment obtained by CB&T would not result in a judicial lien avoidable under section 522(f) (Factor 9). Accordingly, none of these factors weighs against relief from stay.

*        *        *

In sum, the relevant *Curtis* factors overwhelmingly favor relief from stay. Reunifying the State Court Action before the Referee will promote judicial economy, facilitate the efficient liquidation of CB&T's claim, benefit other creditors, and avoid the duplication, expense, and risk of inconsistent rulings created by the Debtors' selective removal of only portions of the State Court Action.

### IV.        CONCLUSION

For the foregoing reasons, and particularly in the event the Court grants the Remand Motion, CB&T respectfully requests that the Court grant relief from the automatic stay to permit CB&T's claims against the Debtors to proceed before the Referee in the State Court Action, together with such other and further relief as the Court deems just and proper.

58076743.1                                    19

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZIONS BANCORPORATION, N.A., DBA CALIFORNIA BANK & TRUST'S MOTION FOR RELIEF FROM STAY

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

DATED:  June 11, 2026                      Respectfully submitted,

SAUL EWING LLP


By:  _____/s/ Zev Shechtman_____
     Zev Shechtman
     Steven F. Werth
     Attorneys for ZIONS BANCORPORATION, N.A.
     dba CALIFORNIA BANK & TRUST

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

58076743.1                                    20

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZIONS BANCORPORATION,
N.A., DBA CALIFORNIA BANK & TRUST'S MOTION FOR RELIEF FROM STAY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**Saul Ewing LLP, 1888 Century Park East, Suite 1500, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*): **Memorandum of Points and Authorities in Support of Zions Bancorporation, N.A., DBA California Bank & Trust's Motion for Relief From Stay** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 11, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jessica L Bagdanov**     jbagdanov@bg.law, ecf@bg.law
- **Michael G D'Alba**     mgd@lnbyg.com
- **Steven T Gubner**     sgubner@bg.law, ecf@bg.law
- **Kenneth Misken**     Kenneth.M.Misken@usdoj.gov
- **David M Poitras**     dpoitras@bg.law
- **Joseph M Rothberg**     jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Zev Shechtman**   Zev.Shechtman@saul.com, Zev.Shechtman@ecf.courtdrive.com;hannah.richmond@saul.com;LitigationDocketing@saul.com;Shelly.Guise@saul.com;Isaiah.Bribiesca@saul.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **_____**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 11, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**PERSONAL DELIVERY:**
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 11, 2026 | Hannah Richmond | /s/ Hannah Richmond |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**