FILED & ENTERED

JUL 09 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

In re:

Andrew Stupin and Julie Stupin,

Debtors.

Case No.: 8:26-bk-11202-SC

CHAPTER 11

**ORDER (1) APPROVING APPLICATION TO EMPLOY FORCE TEN ADVISORS, LLC AS FINANCIAL ADVISOR EFFECTIVE APRIL 17, 2026, AND (2) VACATING HEARING**

**Vacated Hearing:**
Date:        July 15, 2026
Time:        1:30 p.m.
Courtroom:  5C

The Court has considered the Application of Chapter 11 Debtors to Employ Force Ten Advisors, LLC as Financial Advisor Pursuant to 11 U.S.C. § 327(a) With Compensation Pursuant to 11 U.S.C. §§ 330, 331 [Dk. 53] ("Application") and the notice of Application [Dk. 54], together with this Court's Order Requiring Supplemental Disclosures and Setting Hearing on the Application [Dk. 76] ("Disclosure Order"), the Notice of Submission by Force Ten Advisors, LLC of Supplemental Disclosures Concerning the Application [Dk. 103], the Notice of Submission by Force Ten Advisors, LLC of Amended Supplemental Disclosures Concerning the Application [Dk. 107]

-1-

("Amended Supplemental Disclosures"), and the docket as a whole, and finds this matter appropriate for disposition without a hearing. The Application is APPROVED, as set forth below, and the July 15, 2026, hearing is VACATED.

The Application seeks authority for Andrew Stupin and Julie Stupin ("Debtors") to employ Force Ten Advisors, LLC ("Force 10") as financial advisor under 11 U.S.C. § 327(a), with compensation subject to 11 U.S.C. §§ 330 and 331.

The Application raised issues concerning, among other things, the source, amount, and character of the retainer; the role of Twin Towers Group, LLC; the completeness of Force 10's compensation and retainer disclosures; the scope of Force 10's connections disclosures; the scope of Force 10's prepetition services; the engagement letter's definition of "Clients"; the scope of proposed services; and the engagement letter's indemnity, limitation-of-liability, joint-and-several-liability, assignment, and settlement/release provisions. The Court therefore required Force 10 to file supplemental disclosures before ruling on the Application.

Force 10 timely filed and served supplemental disclosures and the Amended Supplemental Disclosures. No response to the Amended Supplemental Disclosures was filed.

The Amended Supplemental Disclosures address Force 10's conflicts investigation, the retainer source and amount, the ownership and role of the retainer payors, the retainer character and balance, nondebtor clients, scope of services, connections disclosures, independent estate representation, and engagement-letter terms. Force 10 states that the remaining unearned retainer funds have been deposited into a segregated account and will remain there pending further Court order. Force 10 also states that it intends to provide services during this case only to Debtors, and not to any nondebtor persons or entities.

Based on the Amended Supplemental Disclosures, the Court determines that Force 10 has sufficiently complied with the Disclosure Order for purposes of ruling on the Application.

Accordingly, the Court orders as follows:

1. The Application is APPROVED, as set forth below.

2. Debtors are authorized to employ Force 10 as financial advisor effective April 17, 2026.

3. Force 10's employment is approved only for Debtors and their bankruptcy estates. Nothing in this Order approves Force 10's employment for the Stupin Family Trust, any affiliated or related nondebtor entity, or any other nondebtor person or entity.

4. Compensation and reimbursement of expenses remain subject to further application under 11 U.S.C. §§ 330 and 331.

5. Nothing in this Order authorizes Force 10 to apply or draw down from the retainer absent further Court order or an allowed fee application.

6. Nothing in this Order determines the ownership, source, or character of the retainer, or approves any payment source.

7. Nothing in this Order approves any indemnity, contribution, limitation-of-liability, assignment, settlement/release, or similar provision in the engagement letter.

8. Any joint-and-several-liability provision is approved only as between Andrew Stupin and Julie Stupin for allowed fees and expenses incurred for approved services to Debtors and their bankruptcy estates.

9. Nothing in this Order approves joint and several liability for the Stupin Family Trust, any nondebtor affiliate, any nondebtor work, or any engagement-letter provision not expressly approved by this Order.

///

///

10. All rights to object to compensation, payment, retainer source, retainer character, disgorgement, nondebtor work, scope of services, or any engagement-letter provision are reserved.

**IT IS SO ORDERED.**

**###**

Date: July 9, 2026

Scott C. Clarkson
United States Bankruptcy Judge