| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| | **FILED & ENTERED**<br><br>**JUL 13 2026**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bolte    **DEPUTY CLERK** |
| ☐ *Movant appearing without an attorney*<br>☐ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -SANTA ANA DIVISION**

| In re: | CASE NO.: 8:26-bk-11202-SC |
|---|---|
| | CHAPTER: 11 |
| Andrew Stupin and Julie Stupin, | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)** |
| | DATE: July 15, 2026<br>TIME: 1:30 p.m.<br>COURTROOM: 5C<br>PLACE: 411West Fourth Street, Santa Ana, CA 92701 |
| Debtor(s). | |

**MOVANT:** Zions Bancorporation, N.A., dba California Bank & Trust

1.   The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2.   The Motion affects the following Nonbankruptcy Action:

Name of Nonbankruptcy Action: Zions Bancorporation, N.A., dba California Bank & Trust v. Stupin, et al.

Docket number: Los Angeles Superior Court (LASC) Case No. 25STCV30165

Nonbankruptcy court or agency where the Nonbankruptcy Action is pending: Los Angeles Superior Court, before Judicial Referee Hon. Mitchell Beckloff (Ret. LASC Judge)

The Court has entered a separate order granting equitable remand under 28 U.S.C. § 1452(b), returning the removed claims to Zions Bancorporation, N.A. v. Andrew Stupin, et al., Los Angeles

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Superior Court Case No. 25STCV30165 ("State-Court Action"), where substantially overlapping claims involving nondebtor parties remain pending.

The Court has considered the Motion, the opposition, the Marcil joinder, the reply, the Court's remand order [Adv. 8:26-ap-01060-SC, Dk. 33], and the docket as a whole. The Court finds this matter appropriate for disposition without oral argument because the requested stay relief is limited to liquidation of the remanded state-law claims through final judgment, the stay remains in effect as to enforcement or collection, and the relevant stay-relief analysis turns on the present record, the Court's remand ruling, and undisputed procedural facts concerning the State-Court Action. The July 15, 2026 hearing is VACATED.

The Court finds that Zions has made a prima facie showing of cause for relief under 11 U.S.C. § 362(d)(1). A movant must first establish a prima facie case that cause exists, after which the burden shifts to the party opposing relief on all other issues. *See* 11 U.S.C. § 362(g); *In re Gould*, 401 B.R. 415, 426 (B.A.P. 9th Cir. 2009); *Duvar Apartment, Inc. v. FDIC (In re Duvar Apartment, Inc.)*, 205 B.R. 196, 200 (B.A.P. 9th Cir. 1996).

In deciding whether cause exists to permit litigation to proceed in a nonbankruptcy forum, the Court considers, among other things, resolution of the issues, interference with bankruptcy administration, judicial economy, the progress of the nonbankruptcy proceeding, prejudice to creditors, and the balance of harms. *See In re Plumberex Specialty Products, Inc*., 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004); *In re Tactical Ordinance & Equipment Corp*., 2005 Bankr. LEXIS 3038, at *5-7 (Bankr. D. Idaho Mar. 17, 2005). A relief-from-stay proceeding is summary and does not adjudicate the merits of the underlying claims or defenses. *In re Johnson*, 756 F.2d 738, 740 (9th Cir. 1985).

Those considerations support limited relief from stay. The State-Court Action concerns breach-of-guaranty claims arising from revolving credit facilities extended to Cantor Group II, LLC and Cantor Group IV, LLC, together with related defenses, crossclaims, and a claim styled as one for constructive trust involving Debtors and several nondebtor parties. Before bankruptcy, the Honorable Mitchell L. Beckloff (Ret.), serving as judicial referee, granted attachment relief, denied reconsideration, ruled on a pleading challenge, and supervised written and third-party discovery. Although the State-Court Action was not trial-ready when removed, the Referee developed substantial case-specific familiarity with the transactions, guaranties, defenses, and crossclaims.

Judicial economy favors permitting the overlapping state-law claims to proceed in one forum rather than maintaining parallel proceedings arising from the same transactions. Adjudication of liability and damages may also assist administration of this Chapter 11 case by liquidating Zions' disputed $59,902,500 claim for purposes of plan formulation and creditor recoveries. The absence of a trial date and the estate's share of the reference expense weigh against relief, but do not outweigh the efficiencies gained by avoiding continued fragmentation.

3.  The Motion is granted under 11 U.S.C. § 362(d)(1), subject to the limitations below.

4.  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a.  ☐  Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b.  ☒  Modified or conditioned as follows: The stay is modified solely to permit Zions Bancorporation, N.A. dba California Bank & Trust to prosecute its remanded breach-of-guaranty claims against Debtors, together with

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                        Page 2                              **F 4001-1.RFS.NONBK.ORDER**

related state-law defenses and crossclaims, through final judgment in the State-Court Action, including any appeals. The stay remains in effect as to execution, enforcement, or collection of any judgment against Debtors or estate property. This relief does not authorize imposition or enforcement of a constructive trust, attachment, or lien against estate property, and the Court does not adjudicate the merits, allowance, priority, distribution, plan treatment, or preclusive effect of any judgment..

c. ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:**  Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law.  Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

a. ☐ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

b. ☐ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

c. ☒ Movant may proceed in the State-Court Action only to liquidate liability and damages through final judgment, including any appeals. Movant may not execute on, enforce, collect, or otherwise act upon any judgment against Debtors, estate property, or property protected by the automatic stay absent further order of this Court.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☐ Other (*specify*): The Court has entered an order granting equitable remand under 28 U.S.C. § 1452(b), returning the removed claims to the State-Court Action, where substantially overlapping claims involving nondebtor parties remain pending. The relief granted in this Order is limited to liquidation of the remanded state-law claims and does not modify the stay for any enforcement or collection purpose.

###

Date: July 13, 2026

Scott C. Clarkson
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.