| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Kirsten Martinez, SBN 310674**<br>**Bonial & Associates, P.C.**<br>**14841 Dallas Parkway, Suite 350**<br>**Dallas, Texas 75254**<br>**Telephone: (213) 863-6010**<br>**Fax: (213) 863-6065**<br>**Kirsten.Martinez@BonialPC.com**<br><br>☐ *Movant appearing without an attorney*<br>☑ *Attorney for*: Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re: | |
|---|---|
| **Andrew Stupin**<br>**Julie Stupin**<br><br>Debtor(s). | CASE NO.: **8:26-bk-11202-SC**<br>CHAPTER: **11**<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declaration) (PERSONAL PROPERTY)**<br><br>DATE: **November 4, 2026**<br>TIME: **1:30 p.m.**<br>COURTROOM: **5C** |

**Movant: JPMorgan Chase Bank, N.A.**

1. **Hearing Location:**

☐ 255 E. Temple Street, Los Angeles, CA 90012
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
☐ 3420 Twelfth Street, Riverside, CA 92501
☑ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*) (Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☑ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) ____________ and (*time*) __________; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (*if any*).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: **October 5, 2026**

**Bonial & Associates, P.C.**
Printed name of law firm (*if applicable*)

**Kirsten Martinez**
Printed name of individual Movant or attorney for Movant

***/s/Kirsten Martinez***
Signature of individual Movant or attorney for Movant



This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY

1. Movant has a perfected security interest in the Property.

2. **The Property at Issue (Property):**

   a. ☑ Vehicle (*year, manufacturer, type, and model*): **2024 Land Rover Range Rover**

      *Vehicle Identification Number*: **SALK1BE99RA093285**
      *Location of vehicle (if known)*: Debtor possession

   b. ☐ Equipment (*manufacturer, type, and characteristics*):

      *Serial number(s)*:
      *Location (if known)*:

   c. ☐ Other Personal Property (*type, identifying information, and location*):

3. **Bankruptcy Case History:**

   a. ☑ A voluntary bankruptcy petition ☐ An involuntary bankruptcy petition
      under chapter ☐ 7 ☑ 11 ☐ 12 ☐ 13 was filed on (*date*) **April 17, 2026**.

   b. ☐ An order to convert case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*date*) _____________.

   c. ☐ Plan was confirmed on (*date*) ____________.

4. **Grounds for Relief from Stay:**

   a. ☑ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

      (1) ☑ Movant's interest in the Property is not adequately protected.

         (A) ☑ Movant's interest in the Property is not protected by an adequate equity cushion.

         (B) ☑ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with Debtor.

         (D) ☐ Other (*see attached continuation page*).

      (2) ☐ The bankruptcy case was filed in bad faith.

         (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.



This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

(C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

(D) ☐ Other bankruptcy cases were filed in which an interest in the Property was asserted.

(E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

(3) ☐ (*Chapter 12 or 13 cases only*) All payments on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 trustee for payments due ☐ postpetition preconfirmation ☐ postpetition postconfirmation.

(4) ☐ The lease has matured, been rejected or deemed rejected by operation of law.

(5) ☐ The Debtor filed a statement of intention that indicates the Debtor intends to surrender the Property.

(6) ☐ Movant regained possession of the Property on (*date*) ____________, which is ☐ prepetition ☐ postpetition.

(7) ☑ For other cause for relief from stay, ~~see attached continuation page.~~ ***Postpetition payments, due and owing under the parties' contractual agreement have not been made to Movant.***

b. ☑ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

5. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew that the bankruptcy petition had been filed and Movant would have been entitled to relief from stay to proceed with those actions,

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions,

c. ☐ Other (*specify*):

6. ☑ **Evidence in Support of Motion:** ***(Declaration(s) must be signed under penalty of perjury and attached to this motion)***

a. The PERSONAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by the Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in the Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit(s) __

d. ☐ Other:

7. **An optional Memorandum of Points and Authorities is attached to this motion.**



This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Movant requests the following relief:**

1. ☑ Relief from the stay is granted under: ☑ 11 U.S.C. § 362(d)(1) ☑ 11 U.S.C. § 362(d)(2)

2. ☑ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☑ The 14-day stay prescribed by FRBP 4001(a)(4) is waived.

7. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

8. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further stay shall arise in that case as to the Property.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ If relief from stay is not granted, the court orders adequate protection.

12. ☐ See continuation page for other relief requested

Date: **October 5, 2026**

**Bonial & Associates, P.C.**
Printed name of law firm (*if applicable*)

**Kirsten Martinez**
Printed name of individual Movant or attorney for Movant

***/s/Kirsten Martinez***
Signature of individual Movant or attorney for Movant

## PERSONAL PROPERTY DECLARATION

I, (*name of declarant*) James Stephan, declare:

1. I have personal knowledge of the matters set form in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property (*specify*):

   a. ☐ I am the Movant.

   b. ☑ I am employed by Movant as (*title and capacity*): Special Credits Sr. Specialist III.

   c. ☐ Other (*specify*):

2. a. ☑ I am one of the custodians of the books, records and files of Movant that pertain to loans, leases, or extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other: (*see attached*):

3. The Property is:

   a. ☑ Vehicle (*year, manufacturer, type, and model*): **2024 Land Rover Range Rover**

      *Vehicle Identification Number*: **SALK1BE99RA093285**
      *Location of vehicle (if known)*: Debtor possession

   b. ☐ Equipment (*manufacturer, type, and characteristics*):

      *Serial number(s)*:
      *Location (if known)*:

   c. ☐ Other personal property (*type, identifying information and location*):

4. The nature of Debtor's interest in the Property is:

   a. ☐ Sole owner
   b. ☐ Co-owner (*specify*):
   c. ☑ Lessee
   d. ☐ Other (*specify*):
   e. ☑ Debtor ☑ did ☐ did not list the Property in the schedules filed in this case.

5. ☐ The lease matured or was rejected on (*date*)___________:

   a. ☐ rejected
      (1) ☐ by operation of law.
      (2) ☐ by order of the Court.
   b. ☐ matured.

6. Movant has a perfected security interest in the Property.

   a. ☑ A true and correct copy of the promissory note or other document that evidences the debt owed by the Debtor to Movant is attached as Exhibit **1**.

   b. ☑ The Property is a motor vehicle, boat, or other personal property for which a certificate of title is provided for by state law. True and correct copies of the following items are attached to this motion:
      (1) ☑ Certificate of title ("pink slip") (Exhibit **2**).
      (2) ☑ Vehicle or other lease agreement (Exhibit **1**).
      (3) ☐ Security agreement (Exhibit ____).
      (4) ☐ Other evidence of a security interest (Exhibit ____).

   c. ☐ The Property is equipment, intangibles, or other personal property for which a certificate of title is not provided for by state law. True and correct copies of the following items are attached to this motion:
      (1) ☐ Security agreement (Exhibit ____).
      (2) ☐ UCC-1 financing statement (Exhibit ____).
      (3) ☐ UCC financing statement search results (Exhibit ____).
      (4) ☐ Recorded or filed leases (Exhibit ____).
      (5) ☐ Other evidence of perfection of a security interest (Exhibit ____).

   d. ☐ The Property is consumer goods. True and correct copies of the following items are attached to this motion:
      (1) ☐ Credit application (Exhibit ____).
      (2) ☐ Purchase Agreement (Exhibit ____).
      (3) ☐ Account statement showing payments made and balance de (Exhibit ____).
      (4) ☐ Other evidence of perfection of a security interest (*if necessary under state law*) (Exhibit ____).

   e. ☐ Other liens against the Property are attached as Exhibit ____.

7. Status of Movant's debt:

   a. The amount of the monthly payment: **$4,284.95**.

   b. Number of payments that became due and were not tendered: ☐ prepetition **4** ☑ postpetition.

   c. Total amount in arrears: **$17,139.80**.

   d. Last Payment received on (*date*): April 13, 2026.

   e. Future payments due by the anticipated hearing date (*if applicable*) September 14, 2026.
   An additional payment of **$4,284.95** will come due on (*date*) September 14, 2026, and on the 14th day of each month thereafter. If the payment is not received by the NA day of the month, a late charge of $NA will be charged under the terms of the loan.

8. ☑ Attached as Exhibit 3 is a true and correct copy of a POSTPETITION payment history that accurately reflects the dates and amounts of all payments made by the Debtor since the petition date.

9. Amount of Movant's debt:

| | | |
|---|---|---|
| a. | Principal: | $ **95,691.37** |
| b. | Accrued Interest: | $ **0.00** |
| c. | Costs (attorney's fees, late charges, other costs): | $ **17,301.43** |
| d. | Advances (property taxes, insurance): | $ **0.00** |
| e. | TOTAL CLAIM as of **September 9, 2026**: | $ **112,992.80** |

10. ☑ (*Chapter 7 and 11 cases only*) Valuation: The fair market value of the Property is $N/A Lease.
This valuation is based upon the following supporting evidence:

   a. ☐ This is the value stated for property of this year, make, model and general features in the reference guide most commonly used source for valuation data used by Movant in the ordinary course of its business for determining the value of this type of property. True and correct copies of the relevant excerpts of the most recent edition of the reference guide are attached as Exhibit ____.

   b. ☐ This is the value determined by an appraisal or other expert evaluation. True and correct copies of the expert's report and/or declaration are attached as Exhibit ____.

   c. ☐ The Debtor's admissions in the Debtor's schedules filed in the case. True and correct copies of the relevant portions of the Debtor's schedules are attached as Exhibit ___.

   d. ☑ Other basis for valuation (*specify*): **This is a lease, as such Debtor has no equity in the Leased Property.**

> **NOTE:** If valuation is contested, supplemental declarations providing additional foundation for the opinions of value should be submitted.

11. Calculation of equity in Property:

   a. ☑ **11 U.S.C. § 362(d)(1) - Equity Cushion:**

   I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is **$0.00** and is 0% of the fair market value of the Property. ***This is a lease, as such Debtor has no equity in the leased Property.***"

b. ☑ **11 U.S.C. § 362(d)(2)(A) - Equity:**

By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 10 above, I calculate the Debtor's equity in the Property is **$0.00**. ****This is a lease, as such Debtor has no equity in the leased Property."***

12. ☐ The fair market value of the Property is declining because:

13. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit ____.

14. ☐ Movant regained possession of the Property on (*date*) ____________, which is: ☐ prepetition ☐ postpetition.

15. ☐ (*Chapter 12 or 13 cases only*) Status of Movant's debt and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (or concluded on) (*date*) _________.
A plan confirmation hearing currently scheduled for (or concluded on) (*date*) _________.
A plan was confirmed on (*if applicable*) (*date*): _________.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID after the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for breakdown of information attached as Exhibit ____.)

c. Postconfirmation payments due BUT REMAINING UNPAID after plan confirmation date (*if applicable*):

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid: $______________
(*For details of type and amount, see Exhibit* __)

e. Attorney's fees and costs: $______________
(*For details of type and amount, see Exhibit* __)

f. Less suspense account of partial paid balance: $______________

TOTAL POSTPETITION DELINQUENCY: $______________

g. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. The plan payment history is attached as Exhibit ____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan *(attach LBR form F 4001-1.DEC.AGENT.TRUSTEE).*

16. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with Debtor.

17. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property:

(1) Case name: ____________________
Chapter: ________ Case Number: ____________________
Date filed: ____________ Date discharged: ____________ Date dismissed: ____________
Relief from stay regarding the Property ☐ was ☐ was not granted.

(2) Case name: ____________________
Chapter: ________ Case Number: ____________________
Date filed: ____________ Date discharged: ____________ Date dismissed: ____________
Relief from stay regarding the Property ☐ was ☐ was not granted.

(3) Case name: ____________________
Chapter: ________ Case Number: ____________________
Date filed: ____________ Date discharged: ____________ Date dismissed: ____________
Relief from stay regarding the Property ☐ was ☐ was not granted.

☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10.1.26 | JAMES STEPHAN | [signature] |
| *Date* | *Printed Name* | *Signature* |
| | | JPMORGAN CHASE BANK, N.A.<br>Special Credits Sr. Specialist III |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**14841 Dallas Parkway, Suite 350**
**Dallas, Texas 75254**

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) October 5, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmissions at the email addresses stated below.

*U.S. Trustee*
ustpregion16.sa.ecf@usdoj.gov

*Debtors' Attorney*
John-Patrick M. Fritz
jpf@lnbyg.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) October 5, 2026, I served the following persons and/or entities at the last known address in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*U.S. Bankruptcy Court Judge*
Honorable Scott C. Clarkson
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

*Debtors*
Andrew Stupin
Julie Stupin
215 5Th Street, Suite A
Huntington Beach, CA 92648

Kenneth Misken
DOJ-UST
Office of the United States Trustee
411 W. Fourth St, #7160
Santa Ana, CA 92701

Ira David Kharasch
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd Ste 1300
Los Angeles, CA 90067

☑ Service information continued on attached page

**3. SERVED BY PERSONL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| **October 5, 2026** | **Kirsten Martinez** | ***/s/Kirsten Martinez*** |
| *Date* | *Printed Name* | *Signature* |

Michael Kaplan
PO Box 277
Surfside, CA 90743

Robert & Mai Linh Purdy
1718 Port Charles Place
Huntington Beach, CA 96248

Jane Torpipat & Don Torpipiat
11310 Carob Cir.
Fountain Valley, CA 92708

Global Medical Systems
10391 E. Rosemary Lane
Scottsdale, AZ 08255

Gibson Family Trust
12 Whalers Bluff
Newport Coast, CA 92657

Larry Barker
105 Golden Glen Way
Fayetteville, GA 30214

Karen Kaplan (Revocable Trust)
1509 Elton Lane
Austin, TX 78703

Denise Simon
2222 Avenue of the Stars Unit #1902
Los Angeles, CA 90067

Vickie Larson
5000 Antelope Junction
Farmington, NM 87402

Jeff & Janel Grousman
12 San Timoteo
Rancho Santa Margarita, CA 92688

Land Rover Financial Group
PO BOX 650546
Dallas, TX 75265-0546

Dan Genis
2661Tallant Rd. #MN708
Santa Barbara, CA 93105

Julie Kaplan
47 Paloma #B
Venice, CA 90291

Daniel Mayhew
8941 Atlanta Ave. #351
Huntington Beach, CA 92646

Fletcher Jones Motor Cars, Inc.
3300 Jamboree Rd
Newport Beach, CA 92660

The Process Server
960 N Tustin Street #304
Orange CA, 92867

Abraham & Linda Rayhaun
6455 Marigayle Cir.
Huntington Beach, CA 92684

Jim & Cheryl Markham
c/o Sonja Rapparport
23 Vista Del Valle
Aliso Viejo, CA 92656

David Schiff
100 Ocean Ave. Unit C300
Santa Monica, CA 90402

Groussman Family Trust
12 San Timoteo
Rancho Santa Margarita, CA 92688