BENJAMIN R. KING (SBN 205447)
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, California 90067-4120
Phone: (310) 282-2000
Fax: (310) 282-2200
Email: bking@loeb.com

Attorneys for Creditor
NYC 64 67 NOTE HOLDER LLC, a
Delaware limited liability company

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ANDREW STUPIN,<br><br>Debtor. | Case No.: 8:26-bk-11202-SC<br><br>**NOTICE OF MOTION AND MOTION OF CREDITOR NYC 64 67 NOTE HOLDER LLC STIPULATION OF DEBTOR AND CREDITOR NYC 64 67 NOTE HOLDER LLC TO APPROVE STIPULATION FOR RELIEF FROM AUTOMATIC STAY TO CONTINUE STATE-COURT LITIGATION AND SELL NON-DEBTOR PROPERTY**<br><br>[No hearing required pursuant to Federal Rule of Bankruptcy Procedure 4001(d) and Local Bankruptcy Rules 9071-1(b)(1) and 9013-1(o)] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, HIS COUNSEL, AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that, creditor NYC 64 67 NOTE HOLDER LLC, a Delaware limited liability company ("NYC"), will and hereby does move this Court for an Order approving the *Stipulation of Debtor and Creditor NYC 64 67 Note Holder LLC for*

*Relief from Automatic Stay to Continue State-Court Litigation and Sell Non-Debtor Property* (the "Stipulation") entered between debtor Andrew Stupin ("Debtor") and NYC on October 20, 2026 (the "Stipulation"). The Stipulation allows a judicial foreclosure action filed in the State of New York (the "New York Action") to proceed with respect to two New York City apartment buildings, and it allows a state-court receiver appointed in that action to proceed with all needed management and maintenance of those properties while the subject properties are potentially sold. The Debtor is not the owner of either of the subject properties, but is named in the New York Action as a guarantor of the loan that is the subject of that action.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Bankruptcy Procedure 4001(d) and Local Bankruptcy Rule 9071-1(b), which incorporates the notice of opportunity to request hearing procedure set forth in Local Bankruptcy Rule 9013-1(o), any person who opposes this Motion must file with the Court and serve upon the United States Trustee and counsel for NYC a response and request for hearing no later than fourteen (14) days from the date of service of this Notice of Motion and Motion. Any party who fails to file a response and request for hearing as set forth above may be deemed by the Court to have consented to the granting of the requested relief without a hearing.

Dated: October 22, 2026

LOEB & LOEB LLP
BENJAMIN R. KING

By: */s/ Benjamin R. King*

Attorneys for Creditor NYC 64 67 NOTE HOLDER LLC, a Delaware limited liability company

# MEMORANDUM OF POINTS AND AUTHORITIES

Creditor NYC 64 67 Note Holder LLC ("NYC") brings this motion to approve a stipulation between NYC and debtor Andrew Stupin ("Debtor") for relief from the automatic stay, in order to permit a pending action for judicial foreclosure to proceed in an out-of-state forum (New York). For the reasons set forth below, the parties to the Stipulation believe that such relief is in the best interests of all concerned, including the bankruptcy estate.

## I. BACKGROUND

On or about November 29, 2023, Preferred Bank (the "Bank") made a loan to Continuum Analytics, LLC ("Borrower") in the original principal amount of $19,950,000.00 (the "Loan"), and the Loan was subsequently assigned to NYC as successor in interest to the Bank.

To secure repayment of the Loan, Borrower granted to the Bank a first-priority mortgage lien on two parcels of real property located in the Borough of Manhattan, County of New York: (a) 227 East 67th Street, New York, New York 10065; and (b) 184 East 64th Street, New York, New York 10065 (collectively, the "Collateral Properties").

As a condition of making the Loan, Debtor executed a Continuing Guaranty (the "Guaranty"), effective as of November 29, 2023, in favor of the Bank, and NYC has filed a Proof of Claim in this proceeding pertaining to a claim under the Guaranty following Borrower's monetary default under the Loan.

## II. NY LAWSUIT AGAINST THE DEBTOR

Prior to the filing of this bankruptcy proceeding, NYC had named Debtor and Borrower in a commercial foreclosure action in the Supreme Court of the State of New York, County of New York, Case No. 850089/2026, seeking to foreclose on the Collateral Properties (the "NY State Court Action"), and in that action, by order filed on March 25, 2026, Jeffery L. Saltiel ("Receiver") was appointed as receiver over the Collateral Properties for the purposes of collecting rents and profits thereof and preserving and protecting the Collateral Properties.

Debtor is not the owner of the Collateral Properties, and the Collateral Properties are not property of Debtor's bankruptcy estate, and therefore Debtor and NYC each agree that the automatic stay applying to actions against property of Debtor's bankruptcy estate does not apply to actions to recover against the Collateral Properties.

Though Guarantor is named as a defendant in the NY State Court Action for purposes of any deficiency that may be found to exist in that judicial foreclosure action, all parties to this Stipulation believe that a sale of the Collateral Property will yield sufficient proceeds to fully repay NYC as the senior secured creditor and thus dispose of the NYC State Court Action.

## III. TERMS OF THE STIPULATION

Pending a sale of the Collateral Properties, the undersigned parties further believe that it is in the best interests of the bankruptcy estate that the Receiver be allowed to continue to perform all of his authorized duties with respect to the Collateral Properties, including, without limitation, managing the Collateral Properties, collecting income from them, maintaining them, obtaining and hiring property management assistance where necessary, and any other activities which the Court in the NY State Court Action may authorize. Accordingly, the Parties seek this Court's approval to the following stipulated relief:

1. Relief from stay in favor of NYC shall be granted to permit NYC to fully proceed with the NY State Court Action, including for the purposes of NYC and the Receiver pursuing and overseeing a sale of the Collateral Properties through all procedures authorized and approved by the Court overseeing the NY State Court Action

2. Relief from stay shall include the ability of Receiver in the NY State Court Action to continue to perform all of his authorized duties with respect to the Collateral Properties, including, without limitation, managing the Collateral Properties, collecting income from them, maintaining them, obtaining and hiring property management assistance where necessary, and any other

activities which the Court in the NY State Court Action may authorize.

3. The Parties have waived the 14-day stay prescribed by FRBP 4001(a)(4).

A true and complete copy of the fully-executed Stipulation is attached hereto as **Exhibit 1**. A Proposed Order approving the Stipulation is attached hereto as **Exhibit 2**. A true and correct copy of the Complaint in the NY Action is attached hereto as **Exhibit 3**, without voluminous exhibits. Finally, a true and correct copy of the order appointing the Receiver in the NY Action is attached hereto as **Exhibit 4**.

## IV. ARGUMENT: THIS COURT MAY APPROVE THE STIPULATION UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(d)

Rule 4001(d) Federal Rule of Bankruptcy Procedure 4001(d) authorizes the Court to approve the Stipulation, which provides in part:

> (A) Motion. A motion for approval of any of the following shall be accompanied by a copy of the agreement and a proposed form of order. . . . (iii) an agreement to modify or terminate the stay provided for in § 362; . . . .
>
> (B) Contents. The motion shall consist of or (if the motion is more than five pages in length) begin with a concise statement of the relief requested, not to exceed five pages, that lists or summarizes, and sets out the location with the location within the relevant documents of, all material provisions of the agreement. In addition, the concise statement shall briefly list or summarize, and identify the specific location of, each provision in the proposed form of order, agreement, or other document of the type listed in subdivision (c)(1)(B). The motion shall also describe the nature and extent of each such provision.
>
> This Court may enter an Order approving the Stipulation pursuant to FRBP 4001(d)(4):
>
> The court may direct that the procedures prescribed in paragraphs (1), (2) and (3) of this subdivision shall not apply and the agreement may be approved without further notice if the court determines that a motion made pursuant to subdivisions (a), (b), or (c) of this rule was sufficient to afford reasonable notice of the material provisions of the agreement and opportunity for a hearing.

This Court should approve the Stipulation. The NY Action primarily concerns property that the Debtor does not own – and the continued maintenance of that property by

///

///

the Receiver as well as a successful disposition of that property by sale or judicial foreclosure will benefit all concerned.

## V. <u>CONCLUSION</u>

For the foregoing reasons, creditor NYC 64 67 NOTE HOLDER LLC requests that the Court enter the Proposed Order attached hereto as Exhibit 2, granting this Motion and approving the Stipulation attached hereto as Exhibit 1.

Dated: October 22, 2026

LOEB & LOEB LLP
BENJAMIN R. KING

By: */s/ Benjamin R. King*

Attorneys for Creditor NYC 64 67 NOTE HOLDER LLC, a Delaware limited liability company

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): MOTIONTO APPROVE STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/22/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10/22/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/22/2026 | Fiona McKeown | /s/ Fiona McKeown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

## ECF SERVICE LIST

• Scott R Albrecht salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com

• Kyra E Andrassy kandrassy@raineslaw.com, bclark@raineslaw.com; csantiago@raineslaw.com

• Raymond H. Aver ray@averlaw.com, averlawfirm@gmail.com; ani@averlaw.com;katya@averlaw.com; jesus@averlaw.com

• Jessica L Bagdanov jbagdanov@bg.law, ecf@bg.law

• John Bistritz jack.bistritz@afslaw.com

• Michael E Bubman mbubman@mbn.law, aacosta@mbnlawyers.com

• Greg P Campbell ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com; gcampbell@aldridgepite.com

• Steven Casselberry Steve.Casselberry@procopio.com, jessica.perez@procopio.com; emily.marsh@procopio.com;c alendaringbankruptcy@procopio.com; evangelina.myers@procopio.com; lauren.hill@procopio.com

• David Coats dacoats@raslg.com

• Marcus Colabianchi mcolabianchi@duanemorris.com, marcuscolabianchi-2595@ecf.pacerpro.com

• Michael G D'Alba mgd@lnbyg.com

• Ryan J DeRose ryan@parkandlim.com, cathy@parkandlim.com, shelley@parkandlim.com

• John-Patrick M Fritz jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com

• Amir Gamliel amir.gamliel@ashurstperkins.com, cmallahi@perkinscoie.com; DocketLA@perkinscoie.com

• Craig S Ganz ganzc@ballardspahr.com, BKTDocket_West@ballardspahr.com; phxlsateam@ballardspahr.com

• Nichole Glowin bankruptcy@zbslaw.com, nglowin@ecf.courtdrive.com

• Robert P Goe rgoe@goeforlaw.com, kmurphy@goeforlaw.com; goeforecf@gmail.com; Goe.RobertP.R@notify.bestcase.com; ajohnston@goeforlaw.com

• David B Golubchik dbg@lnbyg.com, dbg@lnbyg.com

• Arnold L Graff agraff@wrightlegal.net, nvbkfiling@wrightlegal.net; jpowell@wrightlegal.net

• Adam M Greely agreely@fbfk.law, dstolar@vrslaw.net

• Steven T Gubner sgubner@bg.law, ecf@bg.law

• Sarah Rose Hasselberger shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com; cbastida@marshackhays.com; alinares@ecf.courtdrive.com

• Golsa Honarfar ghonarfar@rutan.com, dmircheff@rutan.com

• Mark S Horoupian mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com; cheryl.caldwell@gmlaw.com;karen. files@gmlaw.com; courtmail@gmlaw.com

• Robert B. Kaplan rkaplan@jeffer.com, rbk@ecf.courtdrive.com

• Lior Katz lior@katzlaw.com

• Ira David Kharasch ikharasch@pszjlaw.com

• Daniel A Lev daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com; dlev@ecf.courtdrive.com; courtmail@gmlaw.com

• Marc A Lieberman marc.lieberman@flpllp.com, addy@flpllp.com, ethan@flpllp.com

• Aaron J Malo amalo@sheppardmullin.com, hudenka@sheppard.com; mlinker@sheppard.com

• Sam Maralan sm@maralanlaw.com

• Matthew J Marino mmarino@allenmatkins.com, csandoval@allenmatkins.com

• Kirsten Martinez Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com

• Elissa Miller elissa.miller@gmlaw.com, emillersk@ecf.courtdrive.com; cheryl.caldwell@gmlaw.com; courtmail@gmlaw.com

• Kenneth Misken Kenneth.M.Misken@usdoj.gov

• John A Moe john.moe@dentons.com, kathryn.howard@dentons.com; derry.kalve@dentons.com; DOCKET.GENERAL.LIT.LOS@dentons.com

• Michael S Myers myersm@ballardspahr.com, BKTDocket_West@ballardspahr.com; phxlsateam@ballardspahr.com

• Alan I Nahmias anahmias@mbn.law, jdale@mbn.law

• Aram Ordubegian ordubegian.aram@arentfox.com

• Carmela Pagay ctp@lnbyg.com

• David M Poitras dpoitras@bg.law

• Thomas J Polis tom@polis-law.com, paralegal@polislaw.com; r59042@notify.bestcase.com

• Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com

• Joseph M Rothberg jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com

• Joshua L Scheer jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com

• Daren M Schlecter daren@schlecterlaw.com, assistant@schlecterlaw.com

• Zev Shechtman Zev.Shechtman@saul.com, Zev.Shechtman@ecf.courtdrive.com; hannah.richmond@saul.com; LitigationDocketing@saul.com; Shelly.Guise@saul.com; Isaiah.Bribiesca@saul.com

• Robyn B Sokol robyn.sokol@stinson.com, lydia.moya@stinson.com; dbender@leechtishman.com; jnaiya.herd@stinson.com

• Michael G Spector mgspector@aol.com, mgslawoffice@aol.com

• Martin W Taylor marty.taylor@bclplaw.com, shawn.williams@bclplaw.com, marty-taylor-5681@ecf.pacerpro.com

• Alan G Tippie Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com; Karen.Files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com

• Jennifer R Tullius jtullius@tulliuslaw.com

• United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

• Christopher A Ward cward@lowenstein.com, lsuprum@lowenstein.com

• Sharon Z. Weiss sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, sharon-weiss-7104@ecf.pacerpro.com

• David Wood dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; spineda@ecf.courtdrive.com; alinares@ecf.courtdrive.com