**PACHULSKI STANG ZIEHL & JONES LLP**
Ira D. Kharasch (State Bar No. 109084)
Cia H. Mackle (*Admitted Pro Hac Vice*)
Brooke E. Wilson (State Bar No. 354614)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: ikharasch@pszjlaw.com
cmackle@pszjlaw.com
bwilson@pszjlaw.com

Counsel to the Official Committee
of Unsecured Creditors

FILED & ENTERED

NOV 17 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>**ANDREW STUPIN and JULIE STUPIN,**<br><br>Debtors and Debtors in Possession. | Case No. 8:26-bk-11202-SC<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**<br><br>[Relates to Docket No. 329] |

Upon consideration of the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Motion")[1] and notice thereof (the "Notice"), filed by the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Andrew Stupin and Julie Stupin (the "Debtors"); the Court having reviewed the Motion and Notice and papers filed in support thereof; and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii)

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion was sufficient under the circumstances and no other notice need by provided; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, the estate, and their creditors; and good and sufficient cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, as provided herein.

2. Except as may otherwise be provided by orders of this Court authoring the retention of specific professionals, professionals whose employment under section 327 or section 1103 of the Bankruptcy Code have been approved (the "Estate Professionals")[2] may seek interim payment of compensation and reimbursement of expenses for services provided after the effective date of such Estate Professionals' employment in accordance with the following Interim Compensation Procedures:[3]

***Monthly Fee Statements***

(a) On or before the 20th day of each calendar month, each Estate Professional may file a monthly fee statement seeking interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding calendar month (a "Monthly Fee Statement"). .

(b) Each Monthly Fee Statement must be served on the following parties (collectively the "Notice Parties") with service via email, if available, being sufficient:

(i) The Debtors, c/o Levene, Neale, Bender, Yoo& Golubchik L.L.P., 2818 La Cienega Avenue, Los Angeles, CA 90034 (Attn: David Golubchik (dbg@lnbyg.com) and Brian Weiss (bweiss@force10partners.com));

(ii) Counsel to the Debtors, Levene, Neale, Bender, Yoo& Golubchik L.L.P., 2818 La Cienega Avenue, Los Angeles, CA 90034 (Attn: David Golubchik (dbg@lnbyg.com), Carmela Pagay (ctp@lnbyg.com), and Joseph M Rothberg (jmr@lnbyg.com));

(iii) Office of the United States Trustee, 411 W. Fourth St., #7160, Ste 7160, Santa Ana, CA 92701 (Attn: Kenneth Misken

---

[2] Professionals compensated on a commission, contingency, or fixed-fee basis under section 328 of the Bankruptcy Code (including real estate brokers) are excluded from the definition of Estate Professionals unless their employment order provides otherwise.

[3] The Interim Compensation Procedures apply to fees and expenses incurred on and after October 1, 2026.

(Kenneth.M.Misken@usdoj.gov));

(iv) Counsel to the Committee, Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Blvd Ste 1300, Los Angeles, CA 90067 (Attn: Ira Kharasch (ikharasch@pszjlaw.com), Cia Mackle (cmackle@pszjlaw.com), and Brooke Wilson (bwilson@pszjlaw.com); and

(v) Any other party in interest that files and serves a written request to receive Monthly Fee Statements.

(c) Each Monthly Fee Statement shall seek payment of interim compensation in an amount equal to 80% of the fees sought and 100% of the expenses incurred during the prior month and shall indicate the amount requested, the total time expended, the names of the individuals who performed the services, and the hourly billing rate for each such individual. Each Monthly Fee Statement shall be accompanied by a detailed listing of the time expended by the individuals who performed the services and the costs incurred during the pertinent month in accordance with the Local Bankruptcy Rules and the *Guidelines for Reviewing the Application for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330*. A proposed form for the Monthly Fee Statement is annexed hereto as Exhibit 1.

(d) Any objection (an "Objection") to the payment of fees or reimbursement of expenses in a Monthly Fee Statement must be filed with the Court and served on the Estate Professional whose Monthly Fee Statement is the subject of the objection and the Notice Parties within fourteen (14) calendar days of the date the Monthly Fee Statement was physically or electronically mailed, as applicable (the "Objection Period").

(e) Upon expiration of the Objection Period, an Estate Professional may file a declaration of service ("DOS") with the Court with respect to any fees and expenses not subject to objection. The DOS must attest that (i) no timely written Objection was served upon the applicable Estate Professional on or before the Objection Deadline, and (ii) the declarant has checked the docket of the Chapter 11 Case and no written objection was timely filed.

(f) After an Estate Professional files a DOS, the Debtors will promptly pay 80% of the fees and 100% of the expenses requested in the Monthly Fee Statement that are not subject to a timely Objection, without further order of the Court, provided that the Debtors have sufficient operating cash.[4] Payments on account of a Monthly Fee Statement may be made only from estate funds that are not cash collateral, or from cash collateral under a stipulation or order authorizing that use. Any dispute as to whether the Debtors have sufficient operating cash shall be resolved by motion on regular notice.

(g) Where a timely Objection is served, only the disputed portion of the requested amount shall be withheld, and the undisputed balance may be paid at the rates set

[4] An Estate Professional has the right to dispute whether the Debtors have sufficient operating cash.

forth in subparagraph (e). The affected Estate Professional and the objecting party shall use reasonable efforts to resolve the Objection consensually. Any unresolved disputed amount shall be reserved for determination in connection with the next interim fee application of the affected Estate Professional or by separate motion.

(h) Notwithstanding the above, before the filing of the first DOS, each Estate Professional may file a declaration (a "Repayment Certification") that it has the financial ability to repay any amount later ordered disgorged. An Estate Professional that does not file a Repayment Certification must hold all payments in a client trust account until the Court allows the related Interim Fee Application.

***Interim Fee Applications***

(i) At four-month intervals, or later, as appropriate, each Estate Professional must file with the Court an application (an "Interim Fee Application") for interim approval and allowance of compensation and reimbursement of expenses sought by such Estate Professional in its Monthly Fee Statements, including any holdbacks, filed during the preceding interim period (the "Interim Fee Period"). If an Estate Professional does not file an Interim Fee Application after a four-month interval, then such Estate Professional may not receive any payments on account of a Monthly Fee Statement until an Interim Fee Application for the Interim Fee Period is filed.

(j) The Interim Fee Application will include a brief description identifying the following:

(1) the Monthly Fee Statements that are the subject of the request;

(2) the amount of fees and expenses requested;

(3) the amount of fees and expenses paid to date or subject to an objection;

(4) the deadline for parties to file objections to the Interim Fee Application (the "Additional Objections"); and

(5) any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or the Fee Guidelines.

(k) Additional Objections to any Interim Fee Application must be filed in accordance with the Local Bankruptcy Rules.

(l) Each Estate Professional will properly serve its Interim Fee Application upon the Notice Parties. Each Estate Professional will properly serve a notice of hearing on its Interim Fee Application on all parties that have requested notice in this Chapter 11 Case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors or Committee may serve an omnibus notice of hearing on the Interim Fee Applications in lieu of separates notices of hearing. No further notice shall be necessary for Interim Fee Application. Final fee applications shall be noticed in accordance with Bankruptcy Rule 2002(a)(6).

(m) The Debtors or Committee may request that the Court schedule a hearing on Interim Fee Applications at least once every four months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve an Interim Fee Application without a hearing. A pending objection to compensation or reimbursement of any Estate Professional does not disqualify a Estate Professional from future compensation or reimbursement.

(n) Any Estate Professional that fails to file a Monthly Fee Statement or an Interim Fee Application when permitted will not receive further interim compensation or reimbursement until the Estate Professional submits any outstanding Monthly Fee Statements or such compensation is approved pursuant to an Interim Fee Application. Subject to paragraph (i), there are no other penalties for failing to file a Monthly Fee Statement or Interim Fee Application.

(o) Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Estate Professional nor (ii) the filing of, or failure to file an objection, will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred. All fees and expenses paid to Estate Professionals under these Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

(p) No Estate Professional may serve a Monthly Fee Statement or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to §§ 327 or 1103 of the Bankruptcy Code.

(q) Any party in interest may move to modify or terminate the Interim Compensation Procedures, including as to a particular Estate Professional, on regular notice.

3. The Debtors shall include all payments to Estate Professionals under the Interim Compensation Procedures on their monthly operating reports, detailed so as to state the amount paid to each Estate Professional.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. The Committee shall serve a copy of this Order on each Estate Professional.

6. Notice of hearings to consider Interim Fee Applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in the Chapter 11 Case. Final fee applications shall be noticed in accordance with Bankruptcy Rule 2002.

7. Nothing contained in the Motion or this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors',

Committee's, or any appropriate party in interest's rights to dispute any claim; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

8. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

9. The Debtors and Committee are authorized to take all steps necessary or appropriate to carry out this Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###

Date: November 17, 2026

Scott C. Clarkson
United States Bankruptcy Judge

# EXHIBIT 1

**PACHULSKI STANG ZIEHL & JONES LLP**
Ira D. Kharasch (State Bar No. 109084)
Cia H. Mackle (*Admitted Pro Hac Vice*)
Brooke E. Wilson (State Bar No. 354614)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: ikharasch@pszjlaw.com
cmackle@pszjlaw.com
bwilson@pszjlaw.com

Counsel to the Official Committee of
Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>**ANDREW STUPIN and JULIE STUPIN,**<br><br>Debtors and Debtors in Possession. | Case No. 8:26-bk-11202-SC<br><br>Chapter 11<br><br>**MONTHLY FEE STATEMENT OF [NAME OF PROFESSIONAL] FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF ___________ THROUGH _________**<br><br>**Objection Deadline: _________** |

[Name of Professional] (the "**Firm**") hereby files its monthly fee statement (the "**Monthly Fee Statement**") for the period commencing _________ through and including _________ (the "**Application Period**") for work performed for _____________ in the above-captioned case pursuant to the *Order Granting Motion of the Official Committee of Unsecured Creditors for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. • ] (the "Interim Compensation Order").[1] In support of the

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

Monthly Fee Statement, the Firm respectfully represents as follows:

1. The Firm is employed as ________________ to ______________, pursuant to Order entered on ______________ [Docket No. __].

2. During the Application Period, the Firm billed a total of $_______ in fees and expenses. The total fees represent ____ hours expended during the Application Period. These fees and expenses break down as follows:

| **Period** | **Fees** | **Expenses** | **Total** |
|---|---|---|---|
| | $ | $ | $ |

3. By this Monthly Fee Statement, the Firm seeks (i) allowance of compensation for services rendered during the Application Period in the amount of $____, and actual and necessary expenses incurred during the Application Period in the amount of $____, for a total allowance of $___, and (ii) authorization of payment of $____ (80% of the allowed fees pursuant to the Interim Compensation Order) and reimbursement of $____ (100% of the allowed expenses pursuant to the Interim Compensation Order) for a total payment of $____ for the Application Period.

4. For the postpetition period, the Firm has been paid to date as follows:

| **Application Period** | **Amount** | **Description** |
|---|---|---|
| First (___________ - ___________) | $ | 80% of fees and 100% of expenses |
| Second (__________ - __________) | $ | 80% of fees and 100% of expenses |
| **Total Paid To The Firm To Date** | **$** | |

5. To date, the Firm is owed as follows (excluding amounts owed pursuant to this Monthly Fee Statement):

| **Application Period** | **Amount** | **Description** |
|---|---|---|
| First (_________ - __________) | $ | 20% fee holdback |
| Second (_________ - __________) | $ | 20% fee holdback |
| **Total Owed To the Firm To Date** | **$** | |

6. Attached as **Exhibit A** is the name of each professional who performed services in connection with this case during Application Period and the hourly rate for each such professional. Attached as **Exhibit B** are the detailed time and expense statements for the Application Period.

7. In accordance with the Interim Compensation Order, responses or objections to the Monthly Fee Statement, if any, must be filed and served on the Firm on or before the 14th day (or the next business day if such day is not a business day) following the date the Monthly Fee Statement is served (the "**Objection Deadline**").

8. Upon expiration of the Objection Deadline, the Firm will file a declaration of service, after which the Debtors are authorized to pay the Firm an amount equal to 80% of the fees and 100% of the expenses requested in this Monthly Fee Statement. If an objection is filed, the Debtors are authorized to pay 80% of the uncontested fees and 100% of the uncontested expenses upon the filing of a declaration of service.

9. Neither (i) the payment of, or the failure to pay, in whole or in part, interim compensation and reimbursement nor (ii) the filing of, or failure to file an objection, will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred. All fees and expenses paid are subject to disgorgement until final allowance by the Court.

Dated: __________ [FIRM NAME]

______________________________
By:
[Individual]